LUCIEN BARNES, Respondent, *v*. JAMES R. KEENE, Appellant.

In an action by a father to recover damages for injuries to an infant child, caused by defendant's negligence, he is entitled to recover his pecuniary loss, *i. e.*, the value of the services of the child while incapacitated because of the injury and the reasonable expenses necessarily incurred in the effort to restore the child to health.

The amount of the loss recoverable is not affected by the financial condition of the parent.

In such an action it appeared that the father, who had had experience as a nurse himself, in that capacity took the entire charge of the child; after proving the value of his services as such, he was permitted to prove, under objection and exception, that in order to care for his child he gave up a lucrative business engagement and also to prove the amount of the agreed compensation; the court refused to charge that the jury was not at liberty to allow more than what would have been paid to a competent trained or professional nurse. *Held*, error; that while plaintiff was entitled to recover the value of his services as a nurse, he was not entitled to recover in addition thereto what he might have made had he not abandoned the business engagement.

(Submitted January 27, 1892; decided February 12, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 27, 1890, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

This was an action to recover the expenses incurred in nursing and treating plaintiff's infant daughter, who had been injured by the negligence of the defendant, and also to recover damages for the loss of her services.

November 30, 1882, the plaintiff's daughter, Mary, then aged eight years, was seriously injured by the negligence and inefficiency of a servant of the defendant. In an action brought by her, through her guardian *ad litem*, she recovered a judgment against the defendant for the sum of $4,500, being the damages thus sustained by her, which was affirmed by this court. (115 N. Y. 638.)

The complaint of the father was in the usual form, except

that the recovery of said judgment was set forth in a paragraph by itself. The defendant denied most of the allegations contained in the complaint and alleged that the accident resulting in said injuries was caused by the negligence of the said Mary. The jury rendered a verdict in favor of the plaintiff for fifteen hundred dollars.

Further facts appear in the opinion.

*Shipman, Larocque & Choate* for appellant. The damages were excessive. (*Cumming* v. *B. C. R. R. Co.*, 109 N. Y. 95; *Lehman* v. *City of Brooklyn*, 29 Barb. 234; *Kennedy* v. *N. Y. C. & H. R. R. R. Co.*, 35 Hun, 186.)

*Samuel H. Randall* for respondent. No error was committed in the admission of the judgment-roll in the guardian's action, and allowing plaintiff to read in evidence that part of the complaint therein which set forth the injuries sustained by plaintiff's child, and the defendant's exception should not be sustained. (*Anderson* v. *Third Ave. R. R. Co.*, 9 Daly, 487; *Simmons* v. *Tappen*, 2 Sweeny, 652; *Alexander* v. *Stokely*, 7 S. & R. 299, 302; *Green* v. *Clark*, 5 Den. 497; *Edwards* v. *Stewart*, 15 Barb. 67; *Crosby* v. *Day*, 81 N. Y. 242; *Bennett* v. *Austin*, 5 Hun, 536.) No error was committed in allowing the plaintiff to prove the expense actually incurred by him for medicines in the cure of his child; such damage had been alleged in complaint. (115 N. Y. 638; *Cumming* v. *R. R. Co.*, 109 N. Y. 95; *Orbann* v. *P. T. Co.*, 11 Cent. Rep. 628; *Crook* v. *Rindskopf*, 104 N. Y. 476.) Defendant's objection that plaintiff could not recover for what he lost, by being obliged to give up his situation as a theatrical manager and also for his services while nursing his child for same period, is untenable. (*Lockwood* v. *R. R. Co.*, 98 N. Y. 523; *Bowles* v. *R. R. Co.*, 46 Hun, 327; *Houghkirk* v. *Canal Co.*, 92 N. Y. 219; *Cook* v. *R. R. Co.*, 60 Cal. 604.) There was no error in the court's charge, and the exception thereto was too vague and indefinite. (*Distin* v. *Rose*, 69 N. Y. 122; *McGinley* v. *Life Ins. Co.*, 77 id. 497; *Schule* v. *Brokhans*, 80 id. 614.) No error was commited in the court denying the

motion for a new trial. (*Peck* v. *R. R. Co.*, 70 N. Y. 587; *Leitchult* v. *Treadwell*, 74 id. 418; *Hayes* v. *Ball*, 72 id. 418; *Bowles* v. *R. R. Co.*, 46 Hun, 324; *R. R. Co.* v. *Falvey*, 1 West. Rep. 881; *Wolfe* v. *Trinkle*, Id. 497; *F. B. Church* v. *R. R. Co.*, 5 Cent. Rep. 434; *State* v. *Gonce*, 3 West. Rep. 805.)

VANN, J. Upon the trial of this action the plaintiff read in evidence a stipulation of the attorneys for the defendant, admitting " that through the negligence and carelessness of the person operating the defendant's elevator, the plaintiff's child, Mary T. Barnes, was injured, and that the defendant is in law liable for such negligence of the operator." The only issue left undisposed of by this stipulation related to the amount of damages that the plaintiff was entitled to recover. Those damages were in the nature of compensation for pecuniary loss and included the value of his daughter's services, as well as the reasonable expenses necessarily incurred by him in the effort to restore her to health. (*Cuming* v. *Brooklyn City R. R. Co.*, 109 N. Y. 95; *Drew* v. *Sixth Ave. R. R. Co.*, 26 id. 49; *Whitney* v. *Hitchcock*, 4 Den. 461; 3 Sutherland on Damages, 723.)

The plaintiff, who was the only witness sworn upon the trial, testified that at the time of the accident his occupation was that of a theatrical manager; that he had had experience as a nurse and took the entire charge of his injured daughter in that capacity. After stating the value of his services thus rendered he was asked by his counsel if by reason of the severe injury to his child he was obliged to give up a business engagement; and although the defendant objected to the question as incompetent, irrelevant and immaterial, he was permitted to answer, and did so in these words, viz.: " Yes, I was under an engagement at this time, in the eve of this injury, as theatrical manager. My compensation was fixed." He was then asked to state the rate of compensation and the term of the engagement, when the defendant objected upon the same grounds as before, and for the further reason that the plaintiff

could not " recover for that and also recover for his services during the same period in another capacity." The court overruled the objection and the witness answered : " Fifty dollars a week and a percentage. That contract was for the term of about twenty-five weeks. I gave it up, as I said, and attended to my child." The court refused to charge, upon the request of the defendant, that the jury was not at liberty, on the evidence, to allow more for nursing than would have been paid to a competent, trained or professional nurse. Exceptions were duly taken by the defendant to each of these rulings.

Although it was not so stated upon the trial, the plaintiff now insists that this evidence was not offered for the purpose of effecting a double recovery, but as a circumstance to show his pecuniary situation and his dependence on his profession for support at the time he undertook to become the nurse of his child. But what bearing did the resources of the plaintiff have upon the actual worth of his daughter's services, or the amount that it cost him to cure her? How could dependence upon his avocation for support increase the pecuniary value of her services, or the amount necessarily incurred in caring for her? The rule governing the assessment of damages in such a case as this is compensation for pecuniary loss and the amount of that loss is not affected by the financial condition of the person sustaining it. The accidental circumstance that the loss may at the time bear more heavily upon a poor man than a rich man cannot swell the amount that the person causing that loss is legally responsible for. While the plaintiff was entitled to recover the value of his services as a nurse, he was not entitled to recover, in addition thereto, what he might have made if he had not abandoned his business engagement. He could not recover for services rendered during a specified period, and for loss of time during the same period. He was entitled to have his pecuniary loss, necessarily caused by the accident, made good to him. This included the services of a nurse, as long as a nurse was needed, and if the plaintiff saw fit to act in that capacity, he was entitled to the value of his services in that capacity. But if he

abandoned a more lucrative occupation in order to act as nurse, the value of his services while engaged in that occupation could not properly be considered by the jury in estimating the value of his services while acting as a nurse. His services as a nurse were worth no more because he was able in some other calling to earn a large income. If his time had been worth fifty dollars a day as the manager of a theatrical company, he would have been worth no more as a nurse than if he had had no other occupation except that of nursing. Although the trial judge charged that the fact that the plaintiff "abandoned a contract * * * by which he would receive fifty dollars and a percentage," was no proof that his services were worth as much as he could have earned under the contract; still, the jury were at liberty to believe that the services of the plaintiff were worth more on that account than they otherwise would have been. They may also have taken into account the loss sustained by the plaintiff in giving up a contract for twenty-five weeks with the certainty of fifty dollars a week, and the possibility of much more under the percentage. The evidence was not stricken out, and the jury were not instructed to disregard it. It was, therefore, in the case, and, subject to the limitation of the charge, was for the consideration of the jury, the same as any other evidence given on the trial. The amount of the verdict indicates that they did consider it. It was not simply immaterial, but tended to mislead the jury to the prejudice of the defendant. It was presumptively injurious, and the presumption is not rebutted by the record. It bears upon the result because it presented to the minds of the jury an improper element of damages, and, in connection with the refusal to charge, an erroneous measure of damages. (*Worrall* v. *Parmelee*, 1 N. Y. 519; *Baird* v. *Gillett*, 47 id. 186, 188.)

We cannot, therefore, disregard the error committed in admitting this evidence, but must give effect to the exceptions by reversing the judgment and ordering a new trial.

All concur.

Judgment reversed.