[No. 3308.   Decided April 22, 1901.]

CLIFFORD HOWELLS *et ux., Respondents,* v. NORTH AMERICAN TRANSPORTATION AND TRADING COMPANY, *Appellant.*

| 24 | 689 |
| 30 | 185 |

PLEADING — BILL OF PARTICULARS — ACTION FOR PERSONAL INJURIES — DAMAGES.

In an action by husband and wife to recover damages for injuries received by the wife through defendant's negligence, an instruction which submits to the jury the question of compensation for the suffering endured by the wife is prejudicial error, where, under a bill of particulars filed by plaintiffs, the items of damages claimed under the complaint are restricted to medical attendance, medicines and supplies, and time in attending to, nursing, and caring for the wife.

SAME — STATEMENT VOLUNTARILY FURNISHED TO ADVERSE PARTY — EFFECT.

The fact that a bill of particulars furnished upon the oral request of counsel for the adverse party, was not filed before trial, nor referred to at the time of trial is immaterial, since parties voluntarily furnishing a statement of items under their claim for damages are bound by it as fully as though furnished under the order of the court.

TRIAL — FAILURE TO OBJECT TO TESTIMONY — ERRONEOUS INSTRUCTIONS — ESTOPPEL TO URGE ERROR.

In an action by husband and wife to recover for injuries to the wife, in which a bill of particulars restricted the damages to medical attendance, medicines and the husband's claim for services in attending upon his wife, although the complaint had alleged the pain and suffering of the wife, the fact that evidence of the wife's pain and suffering was admitted without objection by defendant would not estop it from urging objection to the error of the court in submitting to the jury the question of compensation for her pain and suffering, since such testimony was competent in support of the husband's claim for money expended and services made necessary by such suffering.

MEASURE OF DAMAGES — HUSBAND'S LOSS OF TIME NURSING WIFE.

Where a husband seeks to recover for his services in attending his wife on account of injuries received through defendant's negligence, the measure of his damages is not the amount of money he might have made if he had pursued his own vocation during the time he was so employed, but his damages would be measured by the value of the services of a competent nurse for the time the husband was so engaged.

Appeal from Superior Court, King County.—Hon. E. D. Benson, Judge. Reversed.

*Bausman, Kelleher & Emory,* for appellant.

*Allen & Allen,* for respondents.

Per Curiam.—This is an action for damages brought by respondents against appellant in the superior court of King county. The respondents are husband and wife, and the appellant, at the time of the injuries complained of, owned and was operating a line of steamers between the

ports of Seattle, state of Washington, and Dawson City, Northwest Territory, by way of the port of St. Michaels, in Alaska. The respondents were transported as passengers to St. Michaels by the steamer Cleveland, one of the appellant's steamers, and at St. Michaels they were transferred to the steamer J. J. Healy, another of appellant's steamers. While on board the last-named steamer, the respondent Anna Gerow Howells fell through an open hatchway or hold in the cabin of said steamer, which it is alleged was carelessly and negligently left open by appellant, without protection by railing or guards, and with no light or lights in or about the same to give warning thereof. It is alleged that said respondent, without fault of her own, received injuries from said fall. The cause was tried by a jury, and a verdict returned for respondents in the sum of $1,500. A motion for a new trial was overruled, and judgment was entered upon the verdict of the jury for the full amount thereof. From said judgment this appeal is prosecuted.

The assignments of error are as follows:

"(1) The court erred in refusing to grant a new trial on the ground that the verdict was excessive, or in not requiring plaintiffs to remit at least $1,000. (2) The court erred in charging the jury that the plaintiffs should recover for Mrs. Howell's alleged suffering."

The seventh and eighth paragraphs of the complaint are as follows:

"(7) That by reason of said injuries the said plaintiff Anna Gerow Howells has been permanently injured, and did suffer and is constantly suffering from the effects of the said injuries, causing great pain and suffering, and these plaintiffs were compelled to pay a large sum of money for doctor's bills and medicines, to-wit, the sum of $250, and whereby by reason of which this plaintiff Clifford Howells was compelled to and did incur large expense and outlay both of time and money in attending to and

nursing and caring for his said wife as aforesaid, whereby he was damaged in a large sum of money, to-wit, $1,475.

"(8) That because of said injuries this plaintiff Clifford Howells was deprived of and lost the services of his said wife for a long period of time, to-wit, from the 11th day of September, 1897, to the 17th day of September, 1898, to the damage of the plaintiff in the sum of $500."

The complaint then concludes with a prayer as follows:

"Wherefore plaintiffs demand judgment against the defendant in the sum of $1,975, with interest and costs."

In the record we find the following statement of a bill of particulars:

"Come now the plaintiffs, by their attorneys, Allen & Allen, and, by stipulation of the parties, furnish this bill of particulars as to the damages herein under paragraph 7: Medical attendance, $250; time in attending to, nursing, and caring for his said wife, $1,200; medicines and supplies, $75."

This purports to have been signed by respondents' attorneys, and, it is admitted, was delivered to counsel for appellant before the trial. By an inspection of the seventh paragraph of the complaint, above set out, it appears that the specific items of damage alleged are for expenditures for doctor's bills and medicines, and the additional item of expense and outlay both of time and money in nursing and caring for the wife by the husband. The aggregate claim of damage for these items is $1,475. The eighth paragraph of the complaint is limited to damages for loss to the husband of the services of his wife in the sum of $500. The aggregate of the claims for damage in the two paragraphs is $1,975, and the demand for judgment is for that amount. Thus, while it appears from the complaint that the wife endured pain and suffering, yet no claim for damages is laid upon that ground, and counsel for respondents announced in open court at the

beginning of the trial that they made no claim for permanent injuries. This analysis of the complaint is supported by the bill of particulars above set out. The items under paragraph 7 are specifically limited to "medical attendance," "time in attending to, nursing, and caring for his said wife," and "medicines and supplies." It is contended by counsel for respondents that the bill of particulars was furnished upon the oral request of appellant's counsel, was not filed before the trial, and was in no way referred to at the time of the trial. The fact that it was furnished upon the oral request of counsel we think is immaterial. Section 4930, Bal. Code, provides that "the court may in all cases order a bill of particulars of the claim of either party to be furnished." Manifestly appellant could have asked such order from the court in this case, and, if respondents voluntarily furnished a statement of items under their claims for damages, they are bound by them as fully as though furnished under the order of the court. The fact that the court's attention was not called to the bill of particulars at the time of the trial we should fairly consider in favor of the respondents, if there had been nothing else before the court to challenge its attention to the items for which damages were claimed. But, as we view the complaint itself, it is not susceptible of any other interpretation than that given to it by the bill of particulars. It must therefore be held that this complaint makes no claim for damages for pain and suffering. Upon this point the court, of its own motion, instructed the jury as follows:

"If you believe from a preponderance of the evidence in this case that the plaintiff Mrs. Howells received the injuries complained of through a failure of the defendant or its agents or its servants to take such precautions to maintain the hatchway or hole in question in a safe condition, as servants of steamboat companies generally exer-

cise upon boats carrying passengers under circumstances entirely similar to those surrounding these parties when the fall occurred, then you will find for the plaintiff in one such gross sum, not exceeding $1,975, as will, in your opinion, from the evidence, justly compensate plaintiff for the suffering endured by Mrs. Howells.  .  .  ."

It will thus be seen that the court squarely submitted to the jury the question of suffering, and left the jury to fix an amount of damage therefor. It is well understood that there is no criterion for fixing the amount of damages for mere pain and suffering, except the judgment of the jury trying the cause. It is an element of damage not susceptible of being estimated by direct proof. But other items of damage must be proven by competent and direct testimony. There was proof in this case directed to the items of damage covered by the complaint, upon which a verdict might have been founded. But it is impossible to know how much the jury included in the amount returned for suffering, which they were told by the court they should consider as an element of damage. We think this instruction of the court, under the complaint in this case, was material error. Respondents' counsel insist that appellant is not in position to take advantage of this error, for the reason that evidence was introduced showing that the wife had endured pain and suffering, and that this evidence was not objected to by appellant's counsel. We, however, agree with the theory of appellant's counsel that said testimony was competent and unobjectionable in sup‚ port of the husband's claim for his services in attending upon his wife, in that evidence of the suffering tended to show the necessity for the services.

Appellant further contends that the husband can only recover for his services in attending his wife the value of the services of a competent nurse for the time the husband was so engaged, and that he cannot estimate his dam-

ages upon the basis of the amount of money he might have made if he had pursued his own vocation during the time he was so employed. We believe this to be a correct statement of the law. We find this principle so directly declared in the following cases: *Barnes v. Keene,* 132 N. Y. 13 (29 N. E. 1090); *Town of Salida v. McKinna,* 16 Colo. 523 (27 Pac. 810); *Hazard Powder Co. v. Volger,* 7 C. C. A. 130, 58 Fed. 152. Counsel for respondents seem to have tried this case upon the theory that the husband is entitled to recover upon the basis of the value of his lost time from his own business pursuits, and the evidence was directed to that end. We believe, however, that respondents' suggestion is well taken,—that, as appellant did not object to the testimony upon this point, and did not at the time except to this as a measure of damages, the objection now comes too late.

For the reasons first assigned, however, we think the court erred in overruling the motion for a new trial. The judgment is therefore reversed, and the cause remanded, with instructions to the court below to grant the motion for a new trial.