### CEIGLER v. HOPPER–MORGAN CO.

(Supreme Court, Appellate Division, Fourth Department. January 5, 1904.)

1. INJURY TO CHILD—ACTION BY PARENT—ELEMENTS OF DAMAGES—INSTRUCTIONS.
     In an action by a parent for an injury to his infant son, it is error to instruct that he may recover for probable prospective loss from being compelled to support the child in consequence of the injury, thereby permitting a recovery for support after the child's majority.

2. SAME.
     A father suing for injuries to his infant son cannot recover for his own loss of time, his services in taking care of the child, or for his neglect of business in consequence of the child's illness.

Appeal from Special Term, Jefferson County.

Action by George W. Ceigler against the Hopper-Morgan Company. From a judgment for plaintiff, and from the denial of a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Atwell & Rogers, for appellant.
Breen & Breen, for respondent.

STOVER, J. The action is one of negligence, and is brought by the father to recover for the loss of services of an infant son. The son was at the time of the accident 15½ years old, and was engaged in operating a machine which was used for cutting pads. A knife was put in motion by throwing the machinery in gear, and when once in motion would descend and do its work. The claim is that the machine was out of repair; that the knife was not stopped when it had performed its work, but was operated the second time, and came in contact with the hand of the boy so as to cut off his hand at the wrist.

The judgment must be reversed for errors committed at the trial. The trial judge, after discussing the right of the plaintiff to recover at all in the action, charged the jury upon the question of damages as follows:

"If you reach the question of damages, the question of the amount that the father can recover for the loss of the services of the son, you can allow to the father, the plaintiff in this case, all the actual loss sustained by reason

¶ 2. See Damages, vol. 15, Cent. Dig. §§ 228, 250, 259.

of this injury to the child, and illness, including his own services in taking care of him, his neglect of business in consequence of the child's illness, and the necessary charges for medical services, medicine, nursing, and all the necessary expenses and loss incurred, as the natural and approximate result of the injury; and also his prospective loss by being deprived of the child's services during the remainder of his minority, as well as the probable prospective loss from being compelled to support the child in consequence of the injury."

The defendant's counsel excepted to this portion of the charge, and the court remarked: "That is broad enough to cover my charge. I charged what I understood to be the general rule." So the court distinctly charged that the plaintiff was entitled to recover for the maintenance of the child after he became 21 years of age. The court may have been led into this error by assuming that the obligation was upon the parent to support the child who was unable to support himself. But, if the plaintiff's son has been injured, the son would have a right of action against the defendant, and be entitled to recover in his action for the injury he has sustained, and in that recovery would be included the damages by reason of the loss of the arm. One of the circumstances which would tend to increase the damages would be that he would be unable to work and support himself, and a money judgment would be awarded for that element of it. The father would not ordinarily be bound to support the young man after his arrival at 21 years of age, and it might be that the young man would be self-supporting, notwithstanding the loss of his arm, and, without proof of his financial condition in this action, it could not be assumed that the father would have to maintain him.

It was also error, we think, to charge that the father could recover for his loss of time, for his own services in taking care of the child, and also for neglect of business in consequence of the child's illness. Barnes v. Keene, 132 N. Y. 13, 29 N. E. 1090. There was no proof as to the amount of loss to his business, and such proof would have been inadmissible in any event.

As the case must be reversed for these errors, we do not discuss the other questions raised upon the appeal.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur; HISCOCK, J., in result only.