[No. 6890. Decided January 15, 1908.]

## W. S. LOBB *et al., Respondents,* v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant.*[1]

PLEADING—AMENDMENT—TO CONFORM TO PROOF—DAMAGES. In an action for personal injuries, in which the complaint alleges certain items of special damages, and prays for a sum in excess thereof, it is proper to allow a trial amendment alleging general damages in a sum equal to the difference between the special damages and the sum prayed for, where proof of general damages was admitted without objection, and the defendant did not move for a continuance on making its claim of surprise.

SAME—COLLISION OF STREET CARS—PRESUMPTIONS—PLEADING AND PROOF—SPECIFIC ALLEGATIONS. The fact that the plaintiff was unable to prove the particular cause of a collision of street cars, as set forth in her complaint, does not deprive her of the benefit of the presumption that negligence is presumed from the happening of a collision, since that was alone the substance of the issue, and the particular cause alleged need not be proved.

Appeal from a judgment of the superior court for King county, Griffin, J., entered April 9, 1907, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a passenger through the derailment of a street car. Affirmed.

*Sachs & Hale,* for appellant.

*Aust & Terhune,* for respondents.

FULLERTON, J.—The appellant owns and operates an electric railway between the city of Seattle and the town of Renton, in King county. On November 2, 1906, the respondent Annie Lobb took passage on one of the appellant's cars at Renton, intending to ride to the city of Seattle. On the way the car for some cause left the track and turned partially over, throwing the respondent with considerable violence across the car, causing injuries for which she sued in this action.

[1]Reported in 93 Pac. 420.

The jury returned a verdict in her favor, and from the judgment entered thereon the railway company appeals.

It is first assigned that the court erred in allowing the respondents to amend their complaint at the close of the evidence after each side had rested. In their complaint the respondents alleged both general and special damages. The claims for special damages were itemized and the amount of each item specially stated. There was no designated amount claimed as general damages, other than that the demand for relief stated a sum considerably in excess of the total set out in the complaint as special damages. The amendment sought and allowed was to add to that paragraph of the complaint describing the injuries received and their effect the words, "and plaintiffs have been damaged thereby in the sum of $1,547.75;" a sum which, when taken with the special damages alleged, equaled the amount demanded in the complaint. When the amendment was tendered the appellant objected, and, on its objection being overruled, it claimed to be surprised by the amendment, and stated that it was not prepared at that time to meet it with further evidence, but did not move for a continuance or time to produce further evidence.

It is urged here that the prayer of the complaint is no part of the allegations of fact, and that all the appellant was entitled to recover under the complaint as it stood prior to the amendment was the amount of the special damages alleged, and that it was error on the part of the court to allow at that stage of the proceeding an amendment which would so materially increase the amount of permissible recovery. But we think this contention not well taken, even if it be assumed that the complaint as it originally stood only permitted a recovery of special damages. There was no objection interposed when the respondents offered evidence to sustain their claim of general damages, and as far as the record discloses the case would not have been tried differently had this clause put in by the amendment been in the original com-

plaint; or, to state the fact in another way, the cause was tried as if upon sufficient pleadings. Where such is the case, amendments may be allowed to the pleadings at any stage of the proceedings, and even this court in such cases, where no amendments have been offered or made, is obligated by statute to treat all amendments which could have been made as made, and try the cause upon its merits. Bal. Code, § 6535 (P. C. § 1083).

The case of *Howells v. North American Transp. & Trad. Co.*, 24 Wash. 689, 64 Pac. 786, is not in point here. In that case the court instructed the jury that the plaintiff could recover for a specific item, although no damages were claimed on account thereof in the bill of particulars furnished the defendant by the plaintiff on the defendant's demand. That is not the case before us. Here general damages for the injury were at all times claimed, both in the complaint and on the hearing, the defect being that the complaint did not specify the particular amount demanded. The amendment was properly made, and the appellant suffered no prejudice thereby.

The question whether the respondent waived her right to rely on the presumption of negligence arising from the fact that the car was derailed, by pleading and undertaking to prove the specific cause of the accident, is discussed and decided contrary to the appellant's contention in *Walters v. Seattle, Renton & Southern R. Co.*, ante p. 233, 93 Pac. 419. We find no merit in the claim that the evidence does not justify the amount of the recovery.

The judgment is affirmed.

HADLEY, C. J., CROW, MOUNT, RUDKIN, and DUNBAR, JJ., concur.

ROOT, J., took no part.