(63 Misc. Rep. 329.)

## WERBOLOVSKY v. NEW YORK & BOSTON DESPATCH EXPRESS CO.

### (Supreme Court, Appellate Term.   May 27, 1909.)

1. DAMAGES (§ 37*)—INJURIES TO MINOR—LOSS OF SERVICES.

Where a child seven years old was injured temporarily and at the time of the trial the injury had healed, with the exception of a scar on the toe and some pain when the toe was pressed, the father was not entitled to recover for loss of services, past or future.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 37.*]

2. PARENT AND CHILD (§ 7*)—INJURIES TO CHILD—DAMAGES.

Where a child seven years of age was injured, but not permanently, the father's damages were limited to compensation for pecuniary loss, and did not extend to a recovery for loss of the child's society.

[Ed. Note.—For other cases, see Parent and Child, Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Philip Werbolovsky against the New York & Boston Despatch Express Company.   Judgment for plaintiff, and defendant appeals.   Affirmed as modified.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Frank V. Johnson (Harry S. Austin, of counsel), for appellant.

Gainsburg & Solomon (I. Gainsburg, of counsel), for respondent.

LEHMAN, J.   The plaintiff is the father of a boy who was injured through defendant's negligence.   The testimony showed that the boy's toes were broken and lacerated; that the injury had healed, with the exception of a scar on the toe and some pain when the toe is pressed. There is no evidence of loss of services in the past, nor could there well be, in view of the age of the boy, and the injury is not one which could reasonably be held to deprive the plaintiff of any future services. The only testimony of expense to the plaintiff is the physician's testimony that his services were reasonably worth $60.   The judge charged the jury:

"On the question of damages there is evidence to show that he incurred a doctor's bill of $60.  The plaintiff sues here for $250.  If you come to the conclusion that he is entitled to recover, and in no way contributed to this accident, you can compensate him, up to the sum of $250, for the loss of society that a boy of seven years can give to his father, and also the companionship that a boy of seven years can give to his father."

In Barnes v. Keene, 132 N. Y. 13, at page 16, 29 N. E. 1090, at page 1091, the court said:

"The rule governing the assessment of damages in such a case as this is compensation for pecuniary loss."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The trial justice has submitted the question to the jury on the theory that the assessment of damages might also include sentimental loss. The jury, on the theory of pecuniary loss, could not have found damages of over $60, and the order denying the motion to reduce the verdict to $60 should be reversed, and the judgment reduced to $60 damages and appropriate costs, and, as so modified, affirmed, without costs to either party on this appeal. All concur.