VIRGINIA GILBERT, as Guardian ad Litem of FLORENCE GILBERT, an Infant, et al., Respondents, *v.* STANTON BREWERY, INC., Appellant.

Argued February 27, 1946; decided April 18, 1946.

*William E. Lyons* for appellant. The erroneous charge of the trial court as to the applicable law of damages constituted a prejudicial error of law. (*Matter of Bronx Parkway Commission*, 192 App. Div. 412, 230 N. Y. 607; *Matter of City of Rochester [Smith St. Bridge]*, 234 App. Div. 583; *Kanzer* v. *Heffron*, 235 App. Div. 646; *U. S. Rubber Co.* v. *Silverstein*, 229 N. Y. 168; *Saxton* v. *Weaver*, 221 App. Div. 817; *Moore* v. *Rosenmond*, 238 N. Y. 356; *Bennett* v. *Crescent Athletic-Hamilton Club*, 270 N. Y. 456; *Dibble* v. *Whipple*, 281 N. Y. 247; *Green* v. *Van Cott*, 230 App. Div. 633; *Barnes* v. *Keene*, 132 N. Y. 13; *Werbolovsky* v. *N. Y. & B. Despatch Ex. Co.*, 63 Misc. 329; *Cuming* v. *Brooklyn City R. R. Co.*, 109 N. Y. 95; *Clarke* v. *Eighth Avenue R. R. Co.*, 238 N. Y. 246; *Ganly* v. *Steel Storage & Trucking Corp.*, 259 N. Y. 396.)

*Benjamin B. Hersh* and *Leo E. Falkin* for respondents.
I. The judgment insofar as it affects the infant plaintiff is not challenged on this appeal, and should be affirmed. (*City of Buffalo* v. *D., L. & W. R. R. Co.,* 176 N. Y. 308.) II. The unanimous determination by the Appellate Division that under the proof in the case the erroneous instruction in the mother's loss of service action was not prejudicial to the defendant, and should be disregarded under the provisions of section 106 of the Civil Practice Act, was proper and accomplished substantial and practical justice. (*Dollard* v. *Roberts,* 130 N. Y. 269; *Schaffer Stores Co.* v. *Vogel,* 226 App. Div. 829.)

LEWIS, J. Personal injuries suffered by the infant plaintiff have led to the present suit. In the complaint two causes of action are pleaded, one of which is by the infant plaintiff's mother who as guardian ad litem seeks damages for the personal injuries sustained by her minor child which are alleged to have been caused solely by the defendant's negligence. Upon this appeal we are concerned chiefly with another separate cause of action pleaded by the infant plaintiff's mother but in this instance in her own behalf. In that separate cause of action the infant plaintiff's mother alleges that solely by reason of the defendant's fault she was " deprived of the companionship, and services of her infant daughter " and was put to a considerable expense to effect her daughter's cure — for all of which the mother seeks for herself damages in a substantial amount.

Upon the trial a jury awarded to the infant plaintiff $2,500. In the mother's action the award in her favor was $1,000. The judgment entered upon that verdict having been unanimously affirmed at the Appellate Division, we granted leave to the defendant to appeal to this court.

Coming directly to the single point in the case, the record shows that in his charge to the jury the Trial Judge gave the following instruction: "Now, of course, with respect to the mother's claim, you may award her such reasonable amount as you believe she is entitled to for *loss of companionship,* services of her daughter, and also she can be reimbursed for any monies that she has expended or will expend in curing her daughter of her injury, and, of course, you should not allow an amount for the claim by the mother of more than $3,000 as guardian ad litem

for the infant and an amount of more than $1,000 for the mother herself.'' (Emphasis supplied.)

That instruction was challenged by the appellant by an exception which preserves to it the right in this court again to assert that challenge.

As to the portion of the court's charge quoted above the Appellate Division has ruled: '' While the court erred in charging in the action for loss of services that the mother was entitled to be compensated for loss of companionship of the infant daughter (*Werbolovsky* v. *N. Y. & B. Despatch Exp. Co.*, 63 Misc. 329), it may not be said under the proof in this case that the error was prejudicial. (Civ. Prac. Act, § 106.) '' (269 App. Div. 944.)

Concluding, as we do, that the exception to the charge in question was well taken, we cannot say that under the proof in this case the error was not prejudicial. Indeed it may well be that a substantial portion of the jury's verdict of $1,000 in the mother's favor — which was $775 in excess of the special damages proven — was based upon the element of the mother's loss of her minor child's companionship, the value of which the jury was permitted to appraise and to assess against the defendant.

If injuries sustained by the infant were due to actionable fault of the defendant, the infant's mother was entitled to recover from the defendant damages measured by the pecuniary loss she sustained thereby including the value of her daughter's services, if any, of which she was deprived and reasonable expenses necessarily incurred by the mother in an effort to restore the infant to health. (*Barnes* v. *Keene*, 132 N. Y. 13, 15; *Cuming* v. *Brooklyn City R. R. Co.*, 109 N. Y. 95, 96–100; *Clarke* v. *Eighth Ave. R. R. Co.*, 238 N. Y. 246, 251.)

The respondents' brief before us — although conceding that there was legal error in that portion of the charge which included as an element of the mother's damage the loss of her minor daughter's companionship — suggests that the record before us warrants disregard of the error. Our conclusion is to the contrary. Here, as was said by VANN, J., writing for this court in *Barnes* v. *Keene* (*supra*, at p. 17), the challenged instruction '' bears upon the result because it presented to the minds of the jury an improper element of damages ''.

The appellant points to no error of law with respect to the separate cause of action upon which the infant plaintiff by her guardian ad litem was awarded a verdict of $2,500. In those circumstances there should be a severance as to that part of the judgment which provides for a recovery by the infant plaintiff in the amount of $2,500, which should be affirmed. That part of the judgment which provides for recovery by the infant plaintiff's mother, individually, in the amount of $1,000 should be reversed and a new trial granted as to the separate cause of action upon which that portion of the judgment rests. (*City of Buffalo* v. *D. L. & W. R. R. Co.*, 176 N. Y. 308, 311–313; *Bremer* v. *Manhattan Ry. Co.*, 191 N. Y. 333, 340–341. See, also, *Nau* v. *Vulcan Rail & Construction Co.*, 286 N. Y. 188, 200–201; Civ. Prac. Act, § 584.)

The judgment insofar as it provides for recovery by Virginia Gilbert, as guardian ad litem of Florence Gilbert, an infant, against the defendant in the amount of $2,500 should be affirmed, with costs; insofar as the judgment provides for recovery by Virginia Gilbert, individually, in the amount of $1,000 it should be reversed and a new trial granted as to that cause of action upon which that portion of the judgment rests, with costs to abide the event.

LOUGHRAN, Ch. J., CONWAY, DESMOND, THACHER and DYE, JJ., concur; MEDALIE, J., deceased.

Judgment accordingly.