In the Matter of the Claim of FRANK LAMPMAN, Respondent, against LEONARD HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and insurance carrier from a decision and award of the Workmen's Compensation Board which (1) reversed a referee's decision suspending payments to claimant of previously awarded disability compensation until his submission to a surgical operation and (2) continued the case. Claimant sustained compensable totally disabling accidental injuries on January 20, 1947, consisting of an intertrochanteric fracture of the right femur. The medical evidence is to the effect that a major surgical operation, described as a subtrochanteric osteotomy, would probably somewhat reduce claimant's disability although a "large degree of disability" would continue. The issue tendered is whether the board's finding that claimant's refusal to undergo the operation is not unreasonable, has evidentiary support (*Matter of Palloni* v. *Brooklyn-Manhattan Tr. Corp.*, 215 App. Div. 634; *Matter of Peasley* v. *Wendling Iron Works*, 277 App. Div. 821, motion for reargument granted 277 App. Div. 953, on reargument 277 App. Div. 622). Claimant is past sixty-six years of age and has for many years, and long prior to his accidental injuries, suffered from chronic arthritis in many joints of his body, including his pelvis region. His age, his history as to this affliction, and the evidence as to the nature and risks of the operation which has been medically advised and the uncertainty of its outcome all are such as to amply sustain the findings of the board. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur.

■

In the Matter of the Caim of KENNETH A. E. ANDREWS, Respondent, against HOWARD A. EINSFELD et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award made under the Workmen's Compensation Law which increased a previous award for facial disfigurement from the sum of $500 to the sum of $1,000. The record presented is extremely scanty and leaves much to be desired. The compensation board undoubtedly had continuing jurisdiction and the award could have been changed if there was any substantial proof of a change in conditions (Workmen's Compensation Board, § 22). The record is barren of such proof. There is nothing whatever to indicate that the referee who saw claimant on October 3, 1951, had any knowledge of how the claimant looked in September, 1944; and claimant himself gave no testimony as to any change in facial disfigurement. Award reversed on the law, with costs to the Special Fund and against the Workmen's Compensation Board, and the matter remitted to the Workmen's Compensation Board for such further action as it may be advised. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur.