[No. 32613. Department One. January 29, 1954.]

FRANK POWELL, *Respondent*, v. W. C. KIER *et al.*, *Appellants.*[1]

*Ned W. Kimball* and *C. M. Clark*, for appellants.

*Collins & White*, for respondent.

[1]Reported in 265 P. (2d) 1059.

MALLERY, J.—The plaintiff foreclosed a labor and material lien for the plumbing installation in defendants' building. Defendants appeal from a judgment in the principal sum of $2,864.03.

On April 7, 1950, respondent started the plumbing job on the lower story and completed it April 19, 1950. About six weeks later, the plan of the building was changed and a second story added. Respondent commenced the plumbing installation on the second story in June and completed it in August, 1950. The parties hereto have always segregated the costs of the installations on the two stories.

The trial court found that the agreed price for the plumbing installation in the lower story was $1,339.17 plus tax. This is supported by the record notwithstanding appellants' contention to the contrary. However, a bill of particulars, required of the respondent, specified $1,166.01 as the cost of that part of the plumbing.

Such a bill of particulars, like the prayer of a complaint, is a limitation upon the possible recovery for the plumbing in the lower floor. *Howells v. North American Transp. & Trading Co.,* 24 Wash. 689, 64 Pac. 786.

Accordingly the judgment must be modified by reducing it $173.16, the difference between $1,339.17, the agreed price, and $1,166.01, as specified in the bill of particulars.

The trial court found that the reasonable value of the labor and materials on the upper story, on a *quantum meruit* basis, was $4,100.32 plus tax. Appellants attack this finding upon the ground that the market price of the labor and materials was not established. They rely upon the rule of 20 Am. Jur. 341, § 375, which reads:

"As a general rule, proof of mere *offers* to buy or sell either land or *personal property* is not competent to show the value of such property or other property similarly situated in the vicinity. *Market value* is determined by *actual sales*, and not by the *asking prices*." (Italics ours.)

It may be that the plumbing material is personal property before its installation, but this is not an action for the purchase price of goods sold which have a market value. The

plumbing installation in a particular building is not an article of commerce. It has no established price in any market.

A number of exhibits were received in evidence, over the objection of counsel, under the trial court's ruling that they were records kept by respondent in the operation of his business in connection with the job here in question, and made prior to any controversy. Appellants do not renew their objection upon appeal to the competency of the exhibits; but, rather, take the position that they represent merely the respondent's asking price according to the rule set out above. Their position is untenable.

A consummated sale, as here, obviated the asking price as such. In any event, the rule cannot apply where there is no ascertainable market price.

■ Appellants contend that the lien for the lower story was not timely filed. We hold that both stories of the building must be considered together for the purpose of computing the time for the filing of labor and material liens. *Building Supplies v. Gillingham*, 17 Wn. (2d) 489, 135 P. (2d) 832.

The judgment is affirmed as modified. Respondent is awarded his costs.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.

---

March 10, 1954. Petition for rehearing denied.