BRIAN R. BEYER, an Infant, by WILLIAM J. BEYER, His Guardian ad Litem, Respondent, *v.* HELEN MURRAY, Appellant.

WILLIAM J. BEYER, Respondent, *v.* HELEN MURRAY, Appellant.

Fourth Department, January 15, 1970.

*Hodgson, Russ, Andrews, Woods & Goodyear* (*Ralph W. Larson* of counsel), for appellant.

*McDonough, Boasberg, McDonough & Beltz* (*Paul W. Beltz* and *Richard N. Kirchgraber* of counsel), for respondents.

WITMER, J. In these jointly tried negligence actions in behalf of an infant, Brian Beyer, for damages for pain and suffering and permanent injuries received while riding a bicycle on a

sidewalk and coming into collision with defendant's automobile, and by his father, William Beyer, for the loss of services and companionship of his son and the expenses incurred and to be incurred by him by reason of his son's injuries, the jury rendered verdicts of $2,700 for Brian and $4,700 for his father. Defendant moved to reduce the amount of the verdict for the father, upon the ground that the hospital bill was only $280.80 and the doctors' bills amounted to $135, totaling $415.80, and that the verdict for the father was excessive. The court agreed, but in apparent reliance upon *Stiles* v. *Caddick* (11 A D 2d 889) subtracted $3,700 from the verdict for the father and added it to the verdict for the son. The latter's verdict then became $6,400 and the judgment, including interest and costs, entered thereon amounts to $6,701.26; and the verdict for the father became $1,000 and the judgment, including interest and costs, entered thereon amounts to $1,129.40. Defendant appeals from the court's order directing these changes and from the judgment entered thereon; but upon the argument and in her brief defendant has suggested that we merely affirm the reduced verdict and judgment for the father, and modify the court's order and judgment with respect to the son by excising the $3,700 and interest added to the verdict for the son.

Brian was seven years old when injured. His left shin was injured but not fractured. The skin was broken, the peroneal muscles damaged and the peroneal nerve severed. It was testified that these muscles and nerve function to elevate the back of the foot. The nerve was repaired by two small stitches, and except for the remaining scar Brian has made good recovery. He was in the hospital eight days, at home five days thereafter, losing three days of school, and returned to school in a leg cast and on crutches. He used the crutches for four weeks.

Plaintiffs' doctor did not testify that Brian would need future medical services. He testified that in the future the scar would bear watching, that it would not take trauma like his other shin will, that the scar area could become ulcerated in which case '' we should have to consider skin graft to this area '', and that an operation would improve the appearance, '' but I wouldn't press the issue with the parents '' — it is a matter of their and Brian's judgment. He would not say that Brian should not play football or other sports.

Thus, it is clear that there is no expert testimony with reasonable medical certainty that future medical expenses for Brian will be incurred. And although the doctor testified that an operation would produce a cosmetic improvement, no evidence was introduced as to the reasonable cost of any future medical

service for Brian. Furthermore, in his main charge to the jury the Trial Justice did not mention future medical expenses, and no exception was taken to the charge.

During their deliberations the jury returned and asked the court whether money awarded to the son could " be touched by the father by reason of medical expenses incurred with this accident until the boy was twenty-one?" The court asked, " do you mean if there were additional medical expenses beyond what have already been incurred?", to which the foreman replied, " Yes ". The court answered that the money could not be used for the boy except upon application to the court for education or medical treatment if the father were unable to supply it. The jury then rendered their verdicts and the court adjusted them as above stated.

The record shows that the damage issues in this case were not fully understood by counsel, the Trial Justice or the jury. In the complaint for Brian no request was made for damages for future medical expenses; but such were demanded in the father's complaint. The law requires that such damages, when awarded, be included in the verdict for the infant, not that for the father (*Clarke* v. *Eighth Ave. R. R. Co.*, 238 N. Y. 246). In the father's complaint demand was made for damages for loss of his son's services " and companionship ". In his charge the court instructed the jury that in addition to the father's special damages, that is, the hospital and medical expenses for his son, they could consider and award the father damages for loss of services " and society " of his son. Loss of society of a child is not a proper element of damage in a negligence action (*Gilbert* v. *Stanton Brewery*, 295 N. Y. 270, 273), and it was improper for the father to demand such damage and for the court to charge that such could be awarded to him. When the jurors returned and asked for special instruction with respect to the use of moneys which they might award to Brian for future medical services, instead of instructing them that there was no basis in the record for such award to be made, the court by implication made an incorrect supplemental charge by permitting the jurors to assume (as their question did) that they could make such an award, and advising them that if they awarded such damages to the son, the father could not use the same for the son's benefit without prior court approval. (Of course, the latter part of his instruction as to the limited right of the father to use the son's money was correct.)

In none of these respects were counsel of help to the court, that is, by moving against the pleadings or excepting to the

charge or supplemental charge so as to alert the court to the real issues.

We agree with the Trial Justice that the verdict for the father was excessive. It is only speculation, however, to conclude upon this record that the excessive amount, which the court could reasonably find to be the sum of $3,700, was meant to cover future medical expenses for Brian. Under the charge a part of that amount could be attributed to the father's loss of his son's companionship or society (*Gilbert* v. *Stanton Brewery, supra*). In either event, as shown above, it was improper to include it in the father's verdict and it should be excised therefrom.

We find no basis for adding this $3,700 or any other amount to the verdict for Brian. In the first place, the complaint in his action would need to be amended to request such an award. Next, the evidence does not support a need of future medical services, and in particular there is no evidence of what might be the reasonable cost of future medical services if performed. We do not believe that the *Stiles* case (11 A D 2d 889, *supra*) is helpful here because in that case there was evidence of need of future medical services, and the court incorrectly (without objection from counsel) charged the jury that they could include the award therefor in the father's verdict.

Complete justice cannot be done in this case by complying with defendant's request that we merely modify the order and judgment by excising the $3,700 transferred to Brian, and as so modified affirm. Although the plaintiffs did not introduce evidence of need of future medical services or the reasonable cost of future medical services if performed, their doctor did suggest that an operation would improve the appearance of the area and possibly its ability to withstand trauma. It does not appear that counsel pointed out to the jury that although an operation might improve the looks of the scar and thus reduce its value verdict-wise, if such operation were not performed Brian should receive full compensation for the injuries in their permanent condition. By improperly awarding an amount to the father for future medical expenses for Brian, the jury may very well have awarded to Brian an amount ($2,700) which they deemed adequate for the injury if corrected by an operation, for which the father would pay from his award. They may not, therefore, have considered what the award to Brian should be in the event that the scar were not improved by an operation. In the absence of evidence that Brian unreasonably resisted having an operation which would have minimized his perma-

nent condition (see *Sullivan* v. *Tioga R. R. Co.*, 112 N. Y. 643; *Matter of Heck* v. *Melville Fire Dept. Co.*, 19 A D 2d 933; *Matter of Peasley* v. *Wendling Iron Works*, 277 App. Div. 622; *Matter of Tillow* v. *Daystrom Corp.*, 273 App. Div. 1045; *Blate* v. *Third Ave. R. R. Co.*, 44 App. Div. 163, 167; 1 NY PJI 522–525; Ann. 48 ALR 2d 346, Damages — Treatment to Minimize) Brian was entitled to be compensated on the basis of the resulting condition as it would permanently exist without an operation (*Lyons* v. *Erie Ry. Co.*, 57 N. Y. 489, 491; *Matter of Lampman* v. *Leonard Hosp.*, 280 App. Div. 1028; *Matter of Pruszenski* v. *Edo Aircraft Corp.*, 275 App. Div. 1015; *Bordanaro* v. *Burstiner*, 2 Misc 2d 176, 179; 1 NY PJI 522–525).

In the light of the foregoing discussion, based in part on speculative factors, we find insufficient basis for correcting the amounts of these verdicts. There is no reason to disturb them with respect to liability, however; and we hold that in the interest of justice the judgment should be reversed on the law and the facts and a new trial ordered on the issues of damages only.

One other matter needs comment. The accident occurred on August 29, 1962; the trial was held in the fall of 1964; and the order and judgment appealed from were entered December 18, 1964. Why appellant took five years to bring this appeal on for argument is unexplained. In fairness to the infant plaintiff the amount to be awarded to him should bear interest from the date of the verdicts herein reviewed, to wit, September 18, 1964. Accordingly, the order to be entered hereon should provide that upon the amount which shall be awarded to the infant plaintiff in the verdict for him on the new trial, interest will be paid from September 18, 1964 (see *Monette* v. *Bonsall*, 29 A D 2d 839, 840 and CPLR 5003), and the judgment appealed from is modified by severing the issues as to damages and the actions are remanded for new trial of the issues of damages only (see *Meacham* v. *Parlett*, 25 A D 2d 701), with costs to the plaintiffs.

GOLDMAN, P. J., MARSH, MOULE and HENRY, JJ., concur.

Orders unanimously reversed; judgment unanimously modified on the law and facts to the extent of granting a new trial on the issues of damages only, and otherwise affirmed, with costs to plaintiffs; interest on the verdict for the infant upon the new trial is to run from September 18, 1964.