■ CLARA BENITEZ, as Mother and Natural Guardian of ANGELO BENITEZ, an Infant, et al., Respondents, v RONALD J. TRUMBLE, Appellant, et al., Defendant.—Order unanimously affirmed with costs. Memorandum: Plaintiffs-respondents, a nine-year-old boy at the time of the accident and his mother, received jury verdicts of $5,000 and $6,500 respectively. They moved

to set aside the verdicts as inadequate and inconsistent. The trial court granted their motion, asserting that "the awards made for the infant and for the mother were inconsistent". The infant plaintiff, returning from school after alighting from a bus, was struck by defendants' automobile and thrown more than 25 feet and possibly as much as 55 feet. His injuries consisted of a fractured clavicle, fractured ribs, a laceration in the occipital region of the scalp, a cerebral concussion and contusion and various bruises and abrasions. The most serious injury that he suffered was the head injury from which he experienced frequent headaches, tension and nervousness. His attending neurologist testified that of a total of seven electroencephalograms taken since the accident six produced abnormal readings of the brain. The doctor prescribed Dilantin, an anticonvulsant drug, which the infant is still taking. He has also been directed by his physician not to participate in any body contact sports in the future. It was the neurologist's opinion, based on reasonable medical certainty, that these residuals of the head injury were permanent. In awarding the mother $6,500 the jury stated that $1,500 was for medical expenses. Although the trial court charged that the mother could recover for loss of the infant's services, the plaintiffs offered no proof of such loss. Plaintiffs argue with some cogency that the $5,000, over and above medical expenses, must have been the jury's estimate of future medical costs, but if so, such award should be made to the infant, not the mother *(Clarke v Eighth Ave. R. R. Co.,* 238 NY 246; *Beyer v Murray,* 33 AD2d 246, 248). We cannot speculate as to the jury's reason for the amount awarded to the mother. It is unnecessary to consider whether this allowance to the mother resulted in inconsistent verdicts, as contended by plaintiffs. The infant's verdict was insufficient to compensate him fairly for his injuries and it should be set aside on the ground of inadequacy. Liability is not questioned by defendants and the trial court therefore properly granted a new trial only on the issue of damages. (Appeal from order of Monroe Supreme Court—automobile negligence.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.