ISABELLA CUMING, Respondent, v. THE BROOKLYN CITY RAILROAD COMPANY, Appellant.

In an action brought by a parent for loss of services of a minor child, disabled by the tortious act of defendant, the plaintiff is entitled to recover, not only for loss of service up to the time of trial, but for prospective loss during the child's minority; also, for expenses actually and necessarily incurred, or which are immediately necessary, in consequence of the injury in the care and cure of the child· but not for future prospective contingent expenses of this kind.

*It seems* that such expenses can only be recovered, if at all, in an action by the child.

(Argued February 29, 1888; decided April 10, 1888.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made March 31, 1885, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries to plaintiff's infant daughter, alleged to have been caused by defendant's negligence.

The facts pertinent to the questions discussed are stated in the opinion.

*Samuel D. Morris* for appellant. The medical testimony was speculative and should have been excluded. (*Strohm* v. *N. Y., L. E. & W. R. R. Co.*, 96 N. Y. 305.) The limit in

respect to future damages is, that there must be such a degree of probability of their occurring as to amount to a reasonable certainty that they will result from the original injury. It is not enough that the injuries received may develop into more serious conditions than those that are visible at the time of the injury, nor even that they are likely to develop. (*Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 542; *Lincoln* v. *S. R. R. Co.*, 23 Wend. 425, 435.) While the testimony of physicians is proper, and even necessary, in certain cases, to prove that certain results usually follow certain injuries, it is not admissible for them to give a merely speculative opinion, but their opinions, when given, must be based upon results known to have followed from like injuries, and which experience and knowledge enable them to state that the result claimed is reasonably certain to follow from the original injury. (*Ferguson* v *Hubbell*, 97 N. Y. 514.) The limit in respect to future damages is that they must be such as it is reasonably certain will inevitably and necessarily result from the injury. (*Filer* v. *N. Y. C. & H. R. R. R. Co.*, 49 N. Y. 45.) In cases of tort it is necessary for the party complaining to show that the particular damages in respect to which he proceeds are the legal and natural consequences of the wrongful act imputed to the defendant. (*Clark* v. *Brown*, 18 Wend. 229 ; *Lincoln* v. *Saratoga R. R. Co.*, 23 id. 425, 435 ; *Curtis* v. *R. & S. R. R. Co.*, 15 N. Y. 541.)

*B. F. Tracy* for respondent.

Andrews, J. It seems to be the doctrine of the law of England, that the right of a parent to maintain an action for an injury to his minor child from the tortious act of a third person is founded exclusively upon the loss of service, and that the parent has no remedy even for expenses incurred unless the child is old enough to be capable of rendering some act of service and the relation of master and servant express or implied exists between them. (*Grinnell* v. *Wells*, 7 Man. & Gran. 1041 ; Addison on Torts, 902.) But when the action is maintainable on the ground of loss of service, then both by

the law of England and of this country, the parent may claim indemnity, not only for the actual loss of service to the time of the trial, but also for any loss of service during the child's minority, which, in the judgment of the jury and according to the evidence, will be sustained, and for expenses necessarily incurred by the parent in the cure and care of the child in consequence of the injury. (*Cowden* v. *Wright*, 24 Wend. 429; *Drew* v. *Sixth Ave. R. R. Co.*, 26 N. Y. 49; *Dixon* v. *Bell*, 1 Stark. 28; Shouler's Dom. Rel. 351.) The English rule, which denies to the parent any remedy for medical or other expenses incurred in consequence of the injury to the child, except as incident to the loss of service, ignores the parental relation and obligation as an independent ground of recovery, although it may be manifest that the parent had sustained a pecuniary loss as the proximate result of the wrong. The court in Massachusetts, in the case of *Dennis* v. *Clark* (2 Cush. 347), held a more liberal and as it seems to us, a more reasonable and equitable doctrine, and decided that when an infant residing with his father receives an injury, such as would give the child a right of action, the father, who is put to necessary expense in the care and cure of the child, may maintain an action for indemnity, although the child, by reason of his tender age, was incapable of rendering any service. This doctrine casts upon the wrong-doer responsibility for a pecuniary loss flowing from his wrongful act, actually sustained by the parent in the discharge of his parental obligation to care for and maintain his infant children.

But there is another phase of the question presented in the present case. The mother, the father being dead, brings her action, founded upon loss of service for an injury to her minor child, and is permitted to recover not only prospective damages for loss of service during the fifteen years before the child will reach her majority, but also for surgical expenses which have not been in fact incurred, and the incurring of which is

not presently necessary, but which, in the opinion of experts examined on the trial, it will become necessary to incur in consequence of the injury at some time during the child's minority. The trial judge, with a view to the ascertainment of this item of damages, permitted a surgeon against the objection of the defendant, to testify that the expense of an operation which in his judgment would become necessary at some remote period during the child's minority, would be $300. In other words the jury were permitted to include, as a part of the damages in the action, the value of contingent and prospective surgical services.

The right of the parent in an action for loss of service of a child disabled by a tortious injury, to recover for prospective loss of service during the child's minority is well settled. These damages are, however, of necessity, to a great extent speculative or conjectural. There are many contingencies which may deprive the parent of the services of a child, and even make the child a pecuniary burden to the parent, although the particular injury had not happened. The child may die from disease or other accident, or the parent may die. The prospective damages for loss of service recoverable in such a case as this, may never in fact be sustained. But as only one action can be maintained against a wrong-doer for a single wrong, the law, from necessity, permits consequences not yet fully ascertained, but which are reasonably certain to happen, to be anticipated, and a jury is allowed to estimate the damages for future loss of service in the light of experience and of such evidence as can be given. The damages allowed in this case for prospective surgical expenses have still another element of uncertainty. If recoverable by the parent, it must be upon the ground of the parent's obligation to maintain the child. But not only may the parent die or the child die, thereby rendering the surgical expenses unnecessary, but the parent may become wholly unable to pay for the services, if required, or the child may be treated in a hospital or at public expense, as was, in fact, the case in this instance, when the child's leg was amputated. There

is adequate reason for permitting the parent to recover medical or other expenses actually incurred, consequent upon an injury to the child from the wrongful act of a third person. In case of an injury to a minor child, whose parents are living, there is a double right of action, an action by the child and an action by the parent. In the child's action plainly there can be no recovery for expenses actually incurred by the parent, and so far a double recovery is prevented. But it is not so plain that the child may not recover as part of his damages, all the proximate pecuniary consequences of his disability, including such medical and other expenses, as under the evidence the jury shall find it will be necessary in the future to incur. The denial of this right would in many cases, deprive the child of the means of necessary relief. It cannot I suppose be doubted that the parents being dead, all the future consequences of the injury and necessary expenses flowing from the disability, would be proper elements to be considered by the jury in an action brought by the child, nor is there much doubt that these considerations enter into every verdict rendered in an action brought by a minor for his personal injury. There is, perhaps, a logical difficulty in denying the right of the parent to recover the damages now in question, but the same difficulty attends a denial of the child's right. It appears, by the record, that the child has brought an action and has recovered her damages.

In the absence of controlling authority, we are of opinion that in an action by a parent, founded on loss of service of the child, only expenses actually incurred by the parent for medicine or medical attendance, or which are immediately necessary to be incurred, are recoverable as incident to the main cause of action, and that future, prospective, contingent expenses of this kind are recoverable only in an action by the child. The parent, in an indirect way, is benefited by a recovery by the child, and this rule will be most likely to accomplish justice and prevent a double recovery in such cases. The obligation of parents to maintain and provide for their children, has its mose effectual sanction in the natural affections. The law at best can but imperfectly enforce it. It does not

undertake to do so directly until children have become or are likely to become a public charge. The law of necessaries is so limited and guarded that the wants of children can only be supplied under this rule in exceptional cases. The legal obligation of maintenance and support resting on the mother is especially imperfect. In all cases it necessarily can be enforced only in cases of the pecuniary ability of the parent, and in case of the mother, the child's means are first chargeable with his support. (*Furman* v. *Van Sise*, 56 N. Y. 435.) A recovery in the child's action for a personal injury, for prospective medical services, where the fund recovered is usually preserved through a guardian, or in other ways, will be most likely to secure such services when needed. Whether in any view the attempt to fix a definite sum for contingent expenses which may never be incurred, was not pushing the evidence further than is permissible, need not be considered.

These views lead to a reversal of the judgment.

All concur

Judgment reversed.