THOMAS DOLLARD, Respondent, *v.* EDWARD ROBERTS, Appellant.

*Supreme Court, First Department, General Term, January* 10, 1890.

1. *Landlord and tenant. Liability.*—A landlord, who retains control of a portion of the leased premises, is liable for any injury caused by his negligence in regard thereto, after he has notice of its unsafe condition.
2. *Same.*—The tenant's knowledge of such defect is not conclusive proof of his contributory negligence.
3. *Damages. Prospective.*—In an action by a father for an injury to his infant daughter, damages may be awarded for prospective loss of services, when the jury are advised by the testimony of what services were rendered by the child and all the circumstances attending them, and are thus enabled in the light of experience to award the damages which are necessarily to a great extent speculative or conjectural, arising from the fact that the earning capacity of the child has been affected by the accident.

Appeal from judgment in favor of the plaintiff and from order denying motion for new trial on the minutes.

*J. F. Miller*, for appellant.

*C. A. H. Bartlett*, for respondent.

BRADY, J.—This action was brought to recover damages for the alleged loss of services suffered by the plaintiff in consequence of an injury to his infant daughter, and for the medical expenses incurred by him, rendered necessary by reason of the accident. The plaintiff occupied apartments in the tenement house No. 109 East One Hundred and Fourth street, in this city. Other families occupied the rest of the house, the rooms of the ground floor being used as a drug store. The lower hallway, was used in common by the tenants of the apartments and by which only they had access

to them.   The ceiling in the hallway was in a dangerous condition and notice to the defendant of that fact was established beyond doubt.

On the 26th of August, 1884, the plaintiff's wife sent their daughter, then between thirteen and fourteen years of age, into the street on an errand, and on her return, whilst going through the lower hallway, a piece of plaster fell from the ceiling, striking her upon the head, prostrating her and causing serious injuries.

The liability of a landlord who retains control of a portion of the premises, for any injury caused by his negligence in regard thereto, is so well established that it is not necessary to make any special reference to the adjudications.

It is quite apparent that in a tenement house occupied by several families with one mode of access, as in this instance, the hallway is not rented to any tenant as a part of the demised premises except in common with the other tenants and that it is necessarily used by all as a means of communication.

Under such circumstances, the first question is whether it was in an unsafe condition of which the defendant had notice. This, as already suggested, was established.   There was no doubt about the injury sustained by the plaintiff's daughter and from the cause stated, namely, the falling of a part of the ceiling, and the case was complete therefore in all the elements necessary to justify a verdict in favor of the plaintiff.

The appellant's counsel sought by all methods which his prolific resources furnished to evade the responsibility and shield his client from the consequences of what was regarded by the jury as unpardonable negligence.

The various exceptions interposed, however ingenious in form, have no merit, and it is not deemed necessary to do more than to discuss two of them, one of which relates to the proposition that the plaintiff's daughter was guilty of

contributory negligence. It is true that the plaintiff and his daughter knew of the defect mentioned. But that circumstance did not necessarily impose upon either of them the obligation of becoming a prisoner in his apartments, or, having successfully gone out, to remain absent until the landlord or the agent should make the necessary repairs to the ceiling to remove the danger. Nor did it impose upon either of those persons the obligation when walking through the hallway of being constantly on the alert to protect the defendant from the consequences of his own misconduct.

The defendant had no right, moral or legal, to put the tenants in jeopardy or to keep them in jeopardy after he had been advised of such a condition of the ceiling as justified the apprehension of danger. There can be no doubt that it was his duty just as soon as he was informed of the danger to remove it, nor is there any doubt that it could have been removed in an hour by cutting out the loosened plaster.

The other exception relates to the rule of damages. The charge of the learned justice on that subject was based on the case of Cuming *v.* Brooklyn City R. R. Co., 109 N. Y. 95, in which the court, in reference to recovery for prospective loss of service, stated that the damages were necessarily to a great extent speculative or conjectural, and that the jury were allowed to estimate them in the light of experience and of such evidence as should be given.

Here the jury were advised by the testimony of what services were rendered by the child and all the circumstances attending them, and were thus enabled in the light of experience to award the damages which, as we have already seen, are necessarily to a great extent speculative or conjectural, arising from the fact that the earning capacity of the child had been affected by the accident.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concur.