THOMAS CLARKE, Respondent, *v.* EIGHTH AVENUE RAIL-
ROAD COMPANY, Appellant.

**Parent and child — negligence — child injured by the negli-
gence of defendant — parent entitled to recover expenses
incurred for necessary medical care thereof — parent having
been paid from the fund recovered by the child in an action
against defendant, cannot maintain another action against
defendant for the expenses paid by him — parent cannot
recover for himself, in addition to the amount recovered by
the child, the prospective expense for medical care and
attention.**          ○

1. In an action by a parent, founded on loss of service of the child,
only expenses actually incurred by the parent for medicine or medical
attendance, or which are immediately necessary to be incurred, are
recoverable as incident to the main cause of action, and future, prospec-
tive, contingent expenses of this kind are recoverable only in an action
by the child. A recovery in the child's action for a personal injury,
for prospective medical services, where the fund recovered is usually
preserved through a guardian, or in other ways, will be most likely to
secure such services when needed.

2. Where plaintiff who, as guardian *ad litem* for his son, had
recovered a judgment against defendant for injuries caused by
negligence of defendant's servant in the operation of a street car, he
cannot recover for himself in this action, in addition to the prior
judgment, the value of the prospective medical treatment and
increased expenses for the care and maintenance of his son beyond
the date of the trial of the first action, especially where, after the
payment of the judgment in the first action the plaintiff had obtained
from the Surrogate's Court an order permitting him to take from
such judgment and pay to himself, personally, the amount paid by
him, before the trial of the first action, for the maintenance and benefit
of the son and also permitting him to take from the income of the
fund belonging to his son and use for the support, education and
maintenance of the son, a specified sum per month.

3. It appears that the order of the Surrogate's Court was made
upon the ground that the father was not financially able to make
payment of the expenses alleged in his complaint and the amount
thereof was taken from the funds of the infant and paid to plaintiff
personally, but the recovery herein was permitted upon the theory

that the plaintiff would have to restore to the fund of the son the amount paid to him and if he did not do so the trial court would compel him to return the money. This was erroneous; there is no rule of law by which restoration could be compelled, and certainly not so long as the order of the Surrogate's Court remains in force, and this order is a final and conclusive adjudication upon the subject.

*Clarke* v. *Eighth Avenue Railroad Company,* 207 App. Div. 905, reversed.

(Argued April 11, 1924; decided May 20, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 31, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*William J. Curtin* and *Michel Kirtland* for appellant. The court erred in its rulings as to the $1,088 and the other money that the plaintiff, respondent, was awarded under the court orders. (*Harring* v. *Coles,* 2 Bradf. 349; *Potter* v. *Thomas,* 164 N. Y. Supp. 923; *Town of Walden* v. *Clark,* 50 Vt. 383.) The trial court erred in its rulings as to future contingencies and its rulings were in conflict with the decisions of this court. (*Cuming* v. *B. C. R. R. Co.,* 109 N. Y. 95.)

*Harold R. Medina, Moses Feltenstein* and *R. Waldo MacKewan* for respondent. The fact that the plaintiff had been temporarily repaid a part of his expenditures pursuant to an order of the Surrogate's Court in no way relieved the defendant of its obligation to reimburse the plaintiff for these expenditures as well as all others made by him as the result of the accident. (*Matter of Kane,* 2 Barb. Ch. 375; *Jackson* v. *Jackson,* West Ch. 31; *Darley* v. *Darley,* 3 Atl. Rep. 399; *Wellesley* v. *Beauport,* 2 Russ. 28; *Freman* v. *Coit,* 27 Hun, 447; *Matter of Igglesden,* 3 Redf. Surr. 375; *Matter of Jeffrey's Estate,* 137 N. Y. Supp. 168; *Murphy* v. *Holmes,* 87 App. Div. 366; *Goodman* v. *Alexander,* 165 N. Y. 289; *Beardsley* v. *Hotchkiss,* 96 N. Y. 201; *Matter of Davis,* 98 App. Div.

546.) The verdict in no sense includes any allowance for future contingent and speculative medical services as claimed by the appellant. (*Feeney* v. *L. I. R. R. Co.*, 116 N. Y. 375; *Caldwell* v. *Murphy*, 1 Duer, 233; 11 N. Y. 416; *Turner* v. *Boston & Maine R. R. Co.*, 168 Mass. 201; *Ganiard* v. *Rochester City, etc., R. R. Co.*, 50 Hun, 22, 28; 121 N. Y. 661; *Ayres* v. *D., L. & W. R. R. Co.*, 158 N. Y. 254.)

McLAUGHLIN, J. On the 20th of August, 1920, the plaintiff's son, then between eight and nine years of age, was struck by one of the defendant's cars and sustained personal injuries which necessitated the amputation of his legs below the knees. The father brought this action to recover for the loss of services of his son, expenses incurred for care, medical treatment, and the furnishing and keeping in repair of artificial limbs. He had a verdict for $15,000 and the judgment entered thereon was unanimously affirmed by the Appellate Division and leave to appeal denied. Such leave, however, was given by this court.

Prior to the trial of the present action, the father, as the guardian *ad litem* of his son, brought an action to recover damages for the son's injuries. That action was tried prior to this and the plaintiff had a verdict for $42,500. The judgment entered on that verdict was unanimously affirmed by the Appellate Division and no appeal taken therefrom. After such affirmance the defendant paid to the father, he in the meantime having been appointed general guardian, the amount of the judgment. At the trial of the present action, the judgment in the other action having been paid, the defendant conceded its negligence. After such concession the only question litigated and submitted to the jury was the amount of damage to which the plaintiff was entitled. It was conceded that the plaintiff was entitled to recover the value of the services of the son during his minority, less

what it would have cost during such time to care for and maintain him had he not been injured.

It was, however, seriously contended by defendant that the plaintiff was not entitled to recover, in addition thereto, the value of prospective medical treatment and increased expenses for care and maintenance beyond the date of the trial. The court held otherwise, against the objection and exception of defendant's counsel, and testimony was admitted as to what medical treatment would, with reasonable certainty, be required, and its probable cost, prior to the time the son became twenty-one years of age; also, during that time, the increased expense for care and maintenance which would be required, as well as the cost of replacing and keeping in repair the artificial limbs; and the fact that for such items the father had, prior to the trial, expended $1,088.

The case was submitted to the jury with instructions that it could include in its verdict the cost of these items, in addition to the value of the lost services. Exceptions were duly taken to such instruction.

After the $42,500 was paid, the father obtained from the Surrogate's Court an order permitting him to take therefrom and pay to himself, personally, $1,088, the amount theretofore paid by him for the son's benefit; also permitting him to take from the income of the fund, and use for the support, education and maintenance of the son, $125 per month.

The validity of the judgment appealed from is chal-. lenged upon two grounds: (1) The admission of testimony as to prospective medical treatment; its cost; and the increased cost of care and maintenance; and (2) permitting the plaintiff to recover the $1,088 paid or incurred by him prior to the trial. These alleged errors will be considered in the order stated.

*First.* The plaintiff was entitled to recover, the injuries and negligence being conceded, an amount which the jury might fairly say from the evidence was sufficient

to compensate him for the prospective loss of services of the infant during his minority, less what it would have cost to have supported and maintained him during that time had he not been injured. He was also entitled to recover, unless otherwise paid, the expenses actually and necessarily paid out or incurred by him for medical treatment and increased care and maintenance prior to the trial. I do not think, however, that he was entitled to recover, during the infant's minority, the estimated cost of prospective medical treatment, or the estimated cost of the increased care and maintenance subsequent to the trial. These were items of damage which personally belonged to the infant, and had to be recovered, if at all, and probably were taken into consideration by the jury, in the action brought for his benefit. The infant, and not the father, was entitled to a recovery for these items. This seems to me much the better rule for the infant in an action of this character. It insures that whatever sum is recovered will be more likely to be used for the infant's benefit than if a recovery be permitted by the parent. Obviously, both cannot recover. If the infant recover, then, usually, security has to be given to insure the proper use and disposition of the sum awarded. On the other hand, if the parent be permitted to recover, then the recovery becomes his property. He can do with it as he sees fit. He can will it away, or if he dies without a will, it becomes part of his estate. In either case, the infant might receive little or no benefit from it. The natural instinct of a parent to properly support his infant children does not always prevail. It is a matter of common knowledge that some do not, and resort has to be made to the statute to compel them to do so. Some parents actually abandon their infant children and leave them objects of charity, or to be maintained and supported by the kindness of relatives or friends.

The view thus expressed seems to be sustained, so far as the question has been considered, not only by this

court, but in other jurisdictions. Thus, in *Cuming* v. *Brooklyn City R. R. Co.* (109 N. Y. 95), which was an action brought by a parent for loss of services of a minor child, due to the negligence of the defendant, it was held that the plaintiff was entitled to recover for the expenses actually and necessarily incurred down to the date of the trial, but not for future, prospective, contingent expenses. Judge ANDREWS, who wrote the opinion, in which the other members of the court concurred, reversing the judgment because prospective, future expenses had been permitted to be recovered, said: " We are of opinion that in an action by a parent, founded on loss of service of the child, only expenses actually incurred by the parent for medicine or medical attendance, or which are immediately necessary to be incurred, are recoverable as incident to the main cause of action, and that future, prospective, contingent expenses of this kind are recoverable only in an action by the child. * * * A recovery in the child's action for a personal injury, for prospective medical services, where the fund recovered is usually preserved through a guardian, or in other ways, will be most likely to secure such services when needed." (p. 99.)

This authority was cited with approval in *Barnes* v. *Keene* (132 N. Y. 13) and in *Netherland-American Steam Navigation Co.* v. *Hollander* (59 Fed. Rep. 417).

Shearman & Redfield on Negligence (vol. 3 [6th ed.], sec. 763) states that a parent in an action to recover damages for the loss of service of a child is not entitled to recover future medical expenses, as those are to be recovered by the child himself; that if both were entitled to recover, then it would necessarily follow that the negligent party would be liable to twice pay the value of the damage which he had done; " either alternative is contrary to good judgment and common sense." The statement thus made was approved in *Durkee* v. *C. P. R. R. Co.* (56 Cal. 388).

*Second.* I am of the opinion that the plaintiff was

erroneously permitted to recover what he had paid out prior to the trial. This amount, as before stated, after the judgment in favor of the infant had been paid, was, by an order of the Surrogate's Court, permitted to be paid from the fund of the infant to *reimburse* the father for the money which he had expended. The order was made upon the ground that the father was not financially able to make such payment. The amount of such expenses was thereupon taken from the funds of the infant and paid to the father personally. Having been paid, he was not entitled to recover the same from the defendant. A recovery was permitted upon the theory, as appears from the record, that the father would have to restore such fund and if he did not do so the trial court announced he would compel him to return the money. I know of no rule of law by which restoration could be compelled, and certainly not so long as the order of the Surrogate's Court remains in force. Under the ruling of the trial court and instructions given to the jury, to which exceptions were taken, the father was permitted to recover, when in fact the expenses incurred by him had actually been paid by the infant by the direction of the court. The order of the Surrogate's Court is a final and conclusive adjudication on the subject, so long as it remains in force.

A case in principle very much like this one is *Town of Walden* v. *Clarke* (50 Vt. 383). There, Clarke brought an action to recover damages for the loss of services of his wife, by reason of injuries sustained by her, due to the negligence of the town. The negligence was admitted and the only question considered at the trial was the amount of damages to which Clarke was entitled. The matter was sent to a referee to assess the damages and he allowed, as one item, $81.25. The money with which to make the payment of this item was handed to the plaintiff by his wife, out of her own money, and he expended the same for her care, nursing and medical

attendance.   The court held that this item was improperly allowed; that damages of this character which are recoverable are solely to compensate the party for money actually expended; that the money which constituted the item was the property of the wife, so there had been no expenditure by him for which he was entitled to compensation.

In the present case the plaintiff, as already indicated, has been reimbursed for what he had paid out and if permitted to here recover, then he will have been paid twice. Such recovery ought not to be had.   It is no answer to the suggestion to say that he may restore the amount to the infant, and if he does not, he may be compelled to do so.   As the matter stood at the close of the trial he had not actually incurred any expense for which he had not been paid.

In *Drinkwater* v. *Dinsmore* (80 N. Y. 390), in an action to recover damages for personal injuries alleged to have been caused by defendant's negligence, after plaintiff had given evidence as to loss of wages as an item of damage, he was asked, on cross-examination, if he were not paid his wages by his employer during the time he was sick.   Objection was made by plaintiff's counsel to the question, which was sustained, and defendant's counsel excepted.   It was held that the exception was good and necessitated a new trial; that if the question had been answered in the affirmative, then it would have appeared that the plaintiff had not sustained any damage in this respect and a recovery could not be had for the same.

Upon both grounds, therefore, I think the judgments appealed from should be reversed and a new trial granted, with costs in all courts to abide the event.

HISCOCK, Ch. J., POUND and ANDREWS, JJ., concur; CARDOZO, CRANE and LEHMAN, JJ., concur on first ground stated in opinion.

Judgments reversed, etc.