## THE FEDERAL NO. 2.

(District Court, E. D. New York. March 24, 1926.)

No. 7919.

Indemnity ⬅13(1)—Shipowner, compelled to pay hospital expenses for injured seaman has no action over against one whose negligence caused the injury.

Hospital expenses for cure of a seaman, injured in the service of a ship, for which the owner was liable as matter of contract and has paid, are not recoverable by him from another, whose negligence caused the injury.

In Admiralty. Suit by the Gypsum Packet Company against the steam tug Federal No. 2. On exceptions to second cause of action set forth in libel. Exceptions sustained.

Barry, Wainwright, Thacher & Symmers, of New York City, for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for claimant.

CAMPBELL, District Judge. This case comes before the court on the hearing of exceptions to the second cause of action, on the ground that libelant has failed to state facts sufficient to constitute a cause of action by it against the tug Federal No. 2, and to the interrogatories annexed to the li-

bel on the ground that they are directed to the second alleged cause of action, and will fail if claimant's exceptions to the second cause of action are sustained.

The first cause of action is for collision damages alleged to have been caused to the barges Glooscap and Blight, owned by the libelant, against the steam tug Federal No. 2. The second cause of action is brought by libelant to recover against the said steam tug Federal No. 2 the sum of $556, which the libelant alleges it was obliged, as the employer of seaman Parr, to pay to the United States for charges made by the United States on account of hospital services furnished to said Morton Parr, a member of the crew of the Glooscap, and as such an employee of the libelant.

The libelant alleges in said cause of action that, just prior to the collision described in the first cause of action (which was therein alleged to have occurred on August 16, 1924), Morton Parr, a member of the crew of the Glooscap, was properly performing ship duties on the bow (forecastle head) of the Glooscap, and that the Federal No. 2 so negligently managed itself and the Glooscap, which it had in tow, and so negligently managed the towing hawser, that the hawser suddenly and without warning swept over and across the bow of the Glooscap and struck said Morton Parr, knocking him down and causing him injuries, and as a result thereof said Parr was necessarily removed to the United States Marine Hospital at Stapleton, Staten Island, and necessarily remained there for medical treatment until about January 21, 1925; that such injury to said Parr was due to the fault and negligence of the Federal No. 2 and those in charge of her, and was not caused or contributed to by any fault or negligence of the libelant, or on the part of any one for whom the libelant is responsible.

The theory on which libelant seeks recovery is that it was obliged to provide maintenance and cure for the seaman Parr for injuries sustained while in the service of the ship, and, as those injuries were caused by the negligence of the Federal No. 2, she was liable to the libelant therefor. To sustain this contention libelant attempts to show that there is an analogy between seamen and children, but I am unable to follow libelant's reasoning. The obligation of parents to maintain and provide for their children is not contractual. Cuming v. Brooklyn City R. Co., 109 N. Y. 95, at pages 100 and 101, 16 N. E. 65.

The right to maintenance and cure on the part of a seaman under our law is contractual. The Hanna Nielsen (C. C. A.) 273 F. 171; The Bouker No. 2, 241 F. 835, 154 C. C. A. 533. Accident insurance is not a contract of indemnity only. The insured may recover from both the tort-feasor and the insurance company. Suttles v. Railway Mail Association, 156 App. Div. 435, 141 N. Y. S. 1024. An action cannot be maintained against a person for assaulting and beating one of the paupers of a town, by one who had agreed with a town to support for a specified time, and for a fixed sum, all of the town paupers, in sickness and in health, because he was thereby put to increased expense for the pauper's care and support. Anthony v. Slaid, 52 Mass. (11 Metc.) 290.

It thus appears that the proximate cause of libelant's damage is the contract which it made with Parr, and I do not believe that the claimant can be held liable upon the producing of the contingency which makes the libelant liable under his contract. Libelant does not plead any foreign law, and, if it did, I do not see how it could recover thereunder against an American vessel for a tort alleged to have been committed in an American port.

Libelant seems to rely on 8 U. S. Comp. St. 1916, § 9193. This is not a mandatory statute, and does not require an alien shipowner to care for his seamen in a United States Marine Hospital, or any other place, but does provide for payment by the owner to the United States Marine Hospital, if the owner avails himself of the facilities of said hospital to furnish maintenance and cure, for which libelant is liable. There are no allegations on which liability in this case under the Diseased Alien Seaman's Act of 1920 (Comp. St. § 4289¼sss) can be found, and therefore The Yucatan, 46 S. Ct. 114, 269 U. S. 304, 70 L. Ed. 1926 A. M. C. 11, is not in point.

The libelant has not, in its second cause of action set forth in its libel, alleged sufficient facts to constitute a cause of action. The exceptions to the said second cause of action and the interrogatories are sustained.