[Civ. No. 7306. First Appellate District, Division Two.—November 17, 1930.]

A. L. ROCKWOOD, Respondent, v. IRENE LANSBURGH, Appellant.

Hadsell, Sweet & Ingalls for Appellant.

Charles W. Haswell for Respondent.

SPENCE, J.—Plaintiff, the father of a minor son injured in an automobile accident, brought this action to recover such damages as plaintiff claimed to have sustained as the parent of said minor. Upon a trial by jury, plaintiff obtained judgment in the sum of $6,000. Upon a motion for new trial the trial court ordered that a new trial be granted unless plaintiff remitted one-half of this amount. Plaintiff filed his written consent to the reduction of the judgment, which now stands in the sum of $3,000. From this judgment in the reduced amount defendant appeals.

Appellant urges a reversal solely upon two grounds, both of which relate to the damages awarded. It is contended first that the damages are excessive and second that the trial court committed error in giving certain instructions relating to damages.

The minor sustained a fracture of the tibia and fibula of the right leg in the accident in March, 1928. His age at the time of the trial in September, 1929, was eleven years. The period of disability, including physiotherapy treatments, was five or six months. The fractured parts made a perfect union and healed in perfect alignment. There was no shortening of the leg or diminution in size. The boy was able to run, swim, play football and generally engaged in athletic activities, but still retained at the time

of trial what is known as a habit limp. His physician testified that this was due to "a habit condition rather than being attributable to any structural defect there". He stated that this condition might cause the boy some muscle fatigue because he would favor one extremity to the exclusion of the other. He recommended some definite form of group exercise, such as military training, to overcome this condition. The boy had had a private tutor for about two weeks after leaving the hospital and then went to private school. One of his teachers testified that he was below normal, but was showing improvement. She later testified that in his one year at private school he advanced from the high fourth to the low sixth grade and that when she said he was below normal she meant "that he was not one hundred per cent".

The maximum amount shown by the evidence to have been actually expended by respondent was $521.75, which included $275 expended for tuition. Appellant does not question the propriety of the award to the extent of the $521.75 expended by respondent prior to the trial, but contends that any award over that amount was excessive under the evidence. Respondent contends that the award of damages over and above the amount expended prior to the trial was justified on the following grounds: First, that the parent may recover for prospective loss of services and earnings, and, second, that the parent may recover for prospective expense.

The points raised involve the general question of the items of damage recoverable by the parent in an action on his own behalf as distinguished from the items of damage recoverable in an action on behalf of the injured child. This question has been touched upon in this state in *Karr* v. *Parks*, 44 Cal. 46, and *Durkee* v. *Central Pac. R. R. Co.*, 56 Cal. 388 [38 Am. Rep. 59], but neither of these cases determines the precise points with which we are here concerned.

There can be no doubt that prospective loss of services and earnings of the minor constitutes one of the items of damage which may be recovered by a parent on his own behalf (*Garrison* v. *Pearlstein*, 68 Cal. App. 334 [229 Pac. 348]), but we are of the opinion that the evidence must show that the nature of the injury was such as to render prospective loss of services and earnings reasonably certain.

(Civ. Code, sec. 3283.) ■ There was no evidence to show that the minor had ever rendered any service or acquired any earnings prior to the trial, and no claim was made for loss of services up to that time. It appeared that for some time prior to the trial the boy had been able to do and was doing practically all of the things which a normal, healthy schoolboy of his age could do. He had made an excellent recovery, and it cannot be said that there was any reasonable certainty that the respondent would be deprived of any prospective services or earnings of the minor in the future. Under these circumstances we do not believe that an award for prospective loss of services or earnings was justified. There is nothing in *Garrison* v. *Pearlstein, supra,* in conflict with these views. The opinion in that case does not set forth the nature of the injuries, but does recite that the parent had made expenditures in the sum of $3,445.40, indicating that the record probably disclosed injuries of an extremely serious nature which, with reasonable certainty, would result in future loss of services and earnings to the parent. It was there held that the evidence of the minor's age, previous health and condition in life "was sufficient to enable the jury to determine his *earning capacity* aided by their own knowledge and experience".

■ That respondent was entitled to recover all reasonable medical and other expenses necessarily paid or incurred prior to the trial as a result of the injuries to the minor is conceded by the appellant, but the right to recover for future expenses is questioned. Respondent contends that such future expense was a proper item of damage recoverable by the parent and that the evidence showed that it was advisable to give the minor training in a military school to overcome the habit limp. This evidence was admitted over the objection of appellant. We find no authorities directly in point on this subject. The medical treatment, including physiotherapy, had ended many months before the trial, and no necessity for future medical treatment or expense was shown, but the cases involving the right to recover for future medical expense throw some light upon the general subject of the right to recover for future expense. These cases are not in accord, but we believe that the sounder rule is expressed in the opinion in

*Clarke* v. *Eighth Avenue R. Co.,* 238 N. Y. 246 [37 A. L. R. 1, 144 N. E. 516]. After discussing the right of the parent to damages for prospective loss of services, the court said, on page 517, of 144 N. E.: "He was also entitled to recover, unless otherwise paid, the expenses actually and necessarily paid out or incurred by him for medical treatment and increased care and maintenance prior to the trial. I do not think, however, that he was entitled to recover, during the infant's minority, the estimated cost of prospective medical treatment or the estimated cost of the increased care and maintenance subsequent to the trial. These were items of damages which personally belonged to the infant, and had to be recovered, if at all, and probably were taken into consideration by the jury, in the action brought for his benefit. The infant, and not the father, was entitled to a recovery for these items. This seems to me much the better rule for the infant in an action of this character. It insures that whatever sum is recovered will be more likely to be used for the infant's benefit than if a recovery be permitted by the parent. Obviously, both cannot recover. If the infant recovers, then usually security has to be given to insure the proper use and disposition of the sum awarded. On the other hand, if the parent be permitted to recover, then the recovery becomes his property. He can do with it as he sees fit. He can will it away, or, if he dies without a will, it becomes part of his estate. In either case the infant might receive little or no benefit from it. The natural instinct of a parent to properly support his infant children does not always prevail. It is a matter of common knowledge that some do not, and resort has to be made to the statute to compel them to do so. Some parents actually abandon their infant children and leave them objects of charity, or to be maintained and supported by the kindness of relatives or friends."

 We are in accord with the views expressed in the foregoing opinion. When the minor is the injured party he is the one primarily involved. For the protection of the minor for whose benefit such recovery is allowed, future expenses should be recoverable as an item of damage in the action brought on the minor's behalf rather than in an action by the parent on his own behalf.

Under the views above set forth we are of the opinion that the evidence did not warrant a recovery by respondent for prospective loss of services and earnings, and that the respondent was not entitled to recover on his own behalf for any prospective expenses. It therefore follows that the only items of damage for which respondent was entitled to recover under the evidence were the amounts actually expended prior to the trial, amounting to $521.75. The judgment was excessive in the sum by which it exceeds the last-named amount.

We deem it unnecessary to discuss in detail the instructions which appellant contends were erroneous. The attack was directed to certain portions of the instructions which related to future expenses. These portions of the instructions were erroneous and should not have been given.

We believe that a reversal is required unless plaintiff is willing to consent to a modification of the judgment. It is therefore ordered that, unless within thirty days from the filing of the *remittitur* herein in the lower court the plaintiff shall release all but $521.75 and costs of the judgment rendered by the trial court, such judgment shall be and it is reversed; but that if within such time plaintiff consents to such reduction in said judgment and releases therefrom all but the sum of $521.75 thereof and costs, such judgment as so reduced shall be and it is affirmed, said judgment for the reduced amount to bear interest at the legal rate from the date of the entry of the original judgment of the superior court, and neither party to recover from the other costs on this appeal.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 17, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1931.

Curtis, J., dissented.