■ JOSEPH T. GRANGE, Individually and as Guardian ad Litem of RICHARD J. GRANGE, an Infant, Appellant, v. TOWN OF YORKSHIRE, Respondent, et al., Defendant.— Order modified in accordance with the memorandum and as modified, affirmed, without costs of this appeal to any party. Memorandum: The order dismissed the infant plaintiff's personal injury action because of his failure to comply with defendant's demand for an oral and physical examination pursuant to section 50-h of the General Municipal Law, and also dismissed the father's derivative action although no demand had been made for any examination of

him, as claimant. Subdivision 5 of section 50-h provides that no action shall be commenced against the town against which the claim is made unless the claimant has complied with such demand for examination. The infant plaintiff failed to comply with the town's demand for examination. His action was, therefore, properly dismissed. The law does not prevent the commencement of a derivative action by a father because of failure of the infant claimant to comply therewith. The father's derivative action is an independent one for damages sustained by him as a result of the injury to the child (*Tidd* v. *Skinner*, 225 N. Y. 422, 432; *Cuming* v. *Brooklyn City R. R. Co.*, 109 N. Y. 95). The child's failure to comply with the demand for examination is no bar to the father's action, and it should not have been dismissed. The order should, therefore, be modified by deleting therefrom the ordering paragraphs thereof and adding the following provision: " Ordered that the motion of the defendant, The Town of Yorkshire, New York, be granted as to first cause of action and such cause of action is hereby dismissed; and it is further ordered that in all other respects the motion is denied". All concur, except Bastow and Noonan, JJ., who dissent in part and as to the infant plaintiff, vote to grant leave to serve a supplemental complaint, if so advised, in the following memorandum: We agree with the majority that the father's derivative claim was improperly dismissed. It would appear, however, that the infant plaintiff offered to comply with the provisions of section 50-h of the General Municipal Law upon discovery of his default and the offer has been rejected by the defendant. The infant plaintiff should be permitted, in the interests of justice, if so advised, to serve a supplemental complaint setting forth the facts he claims constitute a waiver or estoppel of the right of the defendant to assert the benefits of that section. (Appeal from order of Cattaraugus Special Term granting defendant's motion dismissing certain causes of action of plaintiffs, except for property damage.) Present— Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.