[No. B062309. Second Dist., Div. Six. Sept. 9, 1993.]

CYNTHIA LAUGHNER, Plaintiff and Appellant, v.
ANJEANETTE MARIE BRYNE et al., Defendants and Respondents.

**COUNSEL**

Taylor McCord, Robert L. McCord, Jr., and Patrick G. Cherry for Plaintiff and Appellant.

Haight, Brown & Bonesteel, Roy G. Weatherup, Thomas N. Charchut, Mark S. Lester and Caroline E. Chan for Defendants and Respondents.

**OPINION**

**STONE (S. J.), P. J.**—Cynthia Laughner appeals from an order of dismissal following the trial court's sustaining of a demurrer without leave to amend to the second cause of action of the complaint for personal injuries filed by her on behalf of her minor son and herself August 27, 1990. She contends that the trial court erred in ruling that she, as a parent, could not state a separate and distinct cause of action for damages against the defendants to recover future medical expenses and support expenses that she will be obligated to incur and pay for the benefit of the child after he reaches majority.

We hold that appellant is estopped from pursuing a cause of action for future medical expenses since she prayed for the same damages on behalf of

her minor son in the first cause of action which was settled in a court-approved compromise and settlement agreement. She has also waived her right to pursue a separate cause of action on her own behalf for her son's care and support which she might be obligated to incur after he reaches majority because her potential liability for these expenses derives from her son's inability to seek education and future gainful employment. Since, as guardian ad litem, appellant settled and released all claims for losses stemming from Eric's permanent disability and inability to attain gainful employment or occupation, she cannot seek damages for those same losses on her own behalf. Her cause of action is derivative from that of her minor son. Therefore, we affirm.

## FACTS

On August 27, 1990, appellant and her husband Jack Laughner filed a complaint for personal injuries on behalf of Eric Lemond, a minor child and appellant's son, and on their own behalf.[1] The first cause of action sought an award of damages on Eric's behalf for medical expenses, future medical expenses, loss of earnings, and general damages based upon defendants' and respondents' negligence in causing their automobile to strike the minor, who was skateboarding across Telegraph Road in a marked pedestrian crossing. The complaint alleged that Eric was permanently disabled and will be prevented from attending school and from engaging in gainful employment.

In the second cause of action, appellant and Jack Laughner sought an award of damages on their own behalf as parents for future medical expenses for the care and treatment of the minor child and damages for the costs of supporting Eric beyond the age of majority due to his permanent disability. On June 12, 1991, appellant, as guardian ad litem, filed a petition for court approval of settlement of the minor's claims. The settlement and release agreement stated that in consideration of the payment of the sum of $102,000 to appellant as guardian ad litem for Eric Lemond, appellant, on behalf of Eric, "his heirs, administrators, executors, representatives and/or assigns," released and discharged respondents "from any and all actions, causes of action, claims, demands, costs and expenses on account of, or in any way growing out of, any and all known and unknown damages including but not limited to, bodily injuries, personal injuries, property damage, loss of consortium damages, and any other damages alleged by way of the first cause of action of the complaint . . . ."

The agreement specifically stated that "[t]his settlement and release agreement does not settle, compromise or otherwise resolve the issues raised by

---

[1]Jack Laughner, Eric's stepfather, is not a party to this appeal.

the second cause of action in the above-referred to complaint, i.e., the cause of action asserted on behalf of Cynthia Laughner as an independent party plaintiff, separate and apart from her status as Guardian Ad Litem on behalf of Eric Lemond, except that this settlement and release agreement does constitute a waiver by Mrs. Laughner of any claim for any excess above the policy limits of the automobile liability insurance policy providing defense and indemnity to defendants . . . ." The parties to the agreement expressly waived any and all rights pursuant to Civil Code section 1542.[2] The court approved the compromise of the minor's claim and in its order stated that ". . . said release shall not apply to the separate claim of Mrs. Cynthia Laughner."

Respondents brought a demurrer to the second cause of action on grounds that it fails to state a cause of action because plaintiffs waived their right to assert a claim for medical expenses. The court sustained the demurrer without leave to amend after taking judicial notice of the petition for approval of the settlement and release agreement and the order of approval. (Code Civ. Proc., § 430.30, subd. (a).)

## DISCUSSION

In reviewing an order sustaining a demurrer without leave to amend, we apply the well-settled rules of treating the demurrer as admitting all properly pleaded facts, but not contentions, deductions or conclusions of fact or law. (*Aubry* v. *Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967 [9 Cal.Rptr.2d 92, 931 P.2d 317]; *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58]; *Koch* v. *Rodlin Enterprises* (1990) 223 Cal.App.3d 1591, 1595 [273 Cal.Rptr. 438].) " '. . . We also consider matters which may be judicially noticed.' " (*Blank, supra,* at p. 318.) If the complaint, liberally construed, can state a cause of action, or if there is a reasonable possibility that the defect can be cured by amendment, the trial court has abused its discretion and we must reverse. (*Koch, supra,* at p. 1595; *Blank, supra,* at p. 318; *Aubry, supra,* at p. 967.) The burden is on the plaintiff to prove abuse of discretion. (*Blank, supra,* at p. 318.)

Appellant relies upon the hoary maxims that for every wrong there is a remedy and that an injured party should be compensated for all damage proximately caused by the wrongdoers. (*Crisci* v. *Security Ins. Co.* (1967) 66 Cal.2d 425, 433 [58 Cal.Rptr. 13, 426 P.2d 173]; see also Civ. Code, §§ 3281, 3282, 3283.) However, these principles have to do with the measure of damages once a cause of action has been established and do not

---

[2]That section provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

declare rules of liability. (*Reed* v. *Moore* (1957) 156 Cal.App.2d 43, 47 [319 P.2d 80].)

Respondents assert that a parent's independent claim for future medical expenses has never been recognized by any court in California and that plaintiffs could not recover such damages.[3] Respondents rely on appeal on *Rockwood* v. *Lansburgh* (1930) 109 Cal.App. 581 [293 P. 792] which, after admitting that cases on the subject were not in accord, followed *Clarke* v. *Eighth Avenue R. Co.* (1924) 238 N.Y. 246 [144 N.E. 516, 37 A.L.R. 1] and held that "[w]hen the minor is the injured party he is the one primarily involved. For the protection of the minor for whose benefit such recovery is allowed, future expenses should be recoverable as an item of damage in the action brought on the minor's behalf rather than in an action by the parent on his own behalf." (144 N.E. at p. 585.) *Rockwood* was cited for this holding in *Apodaca* v. *Haworth* (1962) 206 Cal.App.2d 209, 217 [23 Cal.Rptr. 461].) However, *Rockwood*'s holding is not an accurate statement of prevailing law in California.

In the trial court, respondents relied on *White* v. *Moreno Valley Unified School Dist.* (1986) 181 Cal.App.3d 1024 [226 Cal.Rptr. 742], which cited *Faitz* v. *Ruegg* (1981) 114 Cal.App.3d 967, 971 [171 Cal.Rptr. 149], and *Bauman* v. *San Francisco* (1940) 42 Cal.App.2d 144 [108 P.2d 989], for the proposition that: " '. . . "The parents of a minor are normally responsible for medical and hospital care furnished the minor, and the cause of action to recover these items normally rests with the parents. But the child is also liable for the reasonable value of these expenses. Moreover, where the parents bring the action as guardians ad litem, and the bills have not been paid, and these expenses are pleaded, this constitutes a waiver of the parents' rights, and at least where contributory negligence of the parents is not asserted as a defense, the child may properly recover these items. In such case the parents would be estopped from recovering these expenses on their own behalf" . . . .' " (181 Cal.App.3d at p. 1030.) Thus, according to *White*, the cause of action to recover medical expenses incurred on account of a minor's personal injuries does not belong exclusively to the parents; it belongs to both the parents and the minor. (*Ibid.*)

The question is not whether the parents can plead a cause of action for these expenses but whether they are prevented from doing so in a particular case because of the rule against double recovery or on the theory of estoppel. " 'Ordinarily, . . . where the usual relationship of parent and child exists in which the parent exercises his right to the child's services and performs his

---

[3]Appellant does not assert on appeal that her husband, Eric's stepfather, has a right to seek these damages.

duty to support it, the right to recover for loss of the child's earnings and for medical expenses incurred in treating its injuries belongs to the parent. [Citations.] Where the parent has emancipated the child [citation], or, as guardian in the child's action, by pleading or testimony, waived his right or estopped himself from subsequently asserting it, the child is permitted to recover these items. [Citation.] . . .' " (*Faitz* v. *Ruegg, supra,* 114 Cal.App.3d at pp. 971-972.) *Faitz* v. *Ruegg* held that where medical expenses were sought by the minor and were part of the settlement agreement in the minor's action, his father could not thereafter seek reimbursement for those same expenses in a later action because "there can be no double recovery." (*Id.,* at p. 972.)

The California Supreme Court, in *Turpin* v. *Sortini* (1982) 31 Cal.3d 220 [182 Cal.Rptr. 337, 643 P.2d 954], a case rejecting a minor child's cause of action for "wrongful life," made clear that, although the parents and child cannot both recover for the same medical expenses, parents have regularly been permitted to recover the medical expenses incurred on behalf of a child and that the child also has the right to recover the cost of the child's own medical care. (At p. 238.) ■ The court noted that since Civil Code section 206 imposes the duty on parents to support an adult child in need who is unable to maintain himself or herself by work, "the parents' ability to recover those medical expenses which are reasonably likely to be incurred after the age of majority may depend on whether—at the time of trial—it can be determined if the child will be able to 'maintain himself by work' on reaching adulthood." (31 Cal.3d at p. 238, fn. 12.)

■ When the parents bring the action, loss of services, medical attention, expenses of nursing, and the like are compensable to the parents. (*McManus* v. *Arnold Taxi Corp.* (1927) 82 Cal.App. 215, 223 [255 P. 755].) In *Bradford* v. *Edmands* (1963) 215 Cal.App.2d 159 [30 Cal.Rptr. 185], a mother who was a trained nurse was allowed to recover for the special care and attendance she gave her son necessitated by the accident even though she could not recover for the care and attendance that she, as a parent, was under a duty to furnish a minor child. (See also *Hair* v. *County of Monterey* (1975) 45 Cal.App.3d 538, 540-541 [119 Cal.Rptr. 639], disapproved on other grounds in both *Baxter* v. *Superior Court* (1977) 19 Cal.3d 461, 466, fn. 4 [138 Cal.Rptr. 315, 563 P.2d 871], and *Ochoa* v. *Superior Court* (1985) 39 Cal.3d 159, 170 [216 Cal.Rptr. 661, 703 P.2d].)

■ Respondents argue that appellant is estopped from asserting a cause of action for medical expenses because she settled the minor's cause of action for the same expenses. We agree. Both Eric's cause of action and his mother's cause of action sought reimbursement for the same future medical

expenses. " '. . . Where the parent . . . as guardian in the child's action, by pleading or testimony, waived his right or estopped himself from subsequently asserting it, the child is permitted to recover these items. . . .' " (*Bauman* v. *San Francisco, supra,* 42 Cal.App.2d at p. 162, superseded by statute on another ground as explained in *Brown* v. *Poway Unified School Dist.* (1993) 4 Cal.4th 820, 831 [15 Cal.Rptr.2d 679, 843 P.2d 624].) Since both the parent and the child could not recover for the same future medical expenses to be incurred on behalf of the incapacitated child, by settling the first cause of action on the minor child's behalf which included these expenses, appellant cannot state a separate cause of action on her own behalf for the same expenses.

Appellant attempts to avoid the theory of double recovery and estoppel by stating that Eric settled out of court for pain and suffering and past medical expenses which exceed the amount of the settlement. However, even though in fact the settlement did not cover the extent of the past medical expenses and even if the settling insurer indicated to the medical lien holder that it considered the settlement for pain and suffering, the language in the settlement agreement was not so limited. Appellant settled on her minor son's behalf *all* damages arising out of the first cause of action. The issue is not, as appellant would pose it, whether the naming of a parent as guardian ad litem in and of itself constitutes an estoppel or waiver but whether the parent, as guardian ad litem, is allowing the child to recover for expenses to which the parent would be entitled in his or her own right. (See, e.g., *McManus* v. *Arnold Taxi Corp., supra,* 82 Cal.App. at p. 223; *Bauman* v. *San Francisco, supra,* 42 Cal.App.2d at p. 161.) The trial court did not err in ruling as a matter of law that appellant could not state a cause of action for future medical expenses.

We reach a similar conclusion concerning appellant's cause of action for expenses which will be incurred for her son's care and maintenance, excluding medical expense, after he reaches the age of majority. Parents have a duty to support an adult child unable to support himself imposed by Civil Code section 206, and their right to recover expenses, in a Civil Code section 206 cause of action, which are likely to be incurred after the injured child's age of majority "may depend on whether—at the time of trial—it can be determined if the child will be able to 'maintain himself by work' on reaching adulthood." (*Turpin* v. *Sortini, supra,* 31 Cal.3d at p. 238, fn. 12.)

Here, however, appellant alleged on Eric's behalf in the first cause of action damages for loss of educational opportunity and loss of earnings stemming from his permanent disability and inability in the future to attend school and engage in gainful employment or occupation. In the second cause

of action, appellant sought damages on her own behalf for care and support she will be required to pay in the future due to Eric's permanent disability. These damages were one and the same. Appellant's cause of action for damages presupposed that she would have to support Eric beyond his age of majority due to his inability to obtain gainful occupation to support himself because of his permanent disability.

Appellant could not, as guardian ad litem, settle Eric's claim for these damages on his behalf and then carve out her own cause of action for these same damages. By settling Eric's claim for all damages "alleged by way of the first cause of action of the complaint resulting or to result from an incident that occurred on or about July 19, 1990 . . . ," appellant waived her right to seek the same damages, or part of the same damages, for herself.

Consequently, we affirm the trial court's order of dismissal of the second cause of action. Costs to respondents.

Gilbert, J., and Yegan, J., concurred.